## STATE OF MAINE *versus* BRADBURY.

A way by *dedication* of the owner of the land does not become a *public high-*
*way*, without *user* for twenty years, or an *acceptance* on the part of the town.
*Repairs* made upon it, by a *surveyor* of highways, do not constitute *such accept-*
*ance*. *He* has no authority to bind his town.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

INDICTMENT, for a nuisance by erecting and maintaining a building upon a common highway and public road in the town of Oldtown.

The evidence tended to prove a dedication of the way in 1832, but it was not made or used until 1836.

It appeared that at different times up to 1847, certain persons acting as surveyors of highways, in the same district, had declined working on the way, and had been so directed by the selectmen, denying that it was a town road.

There was evidence tending to prove that persons purporting to act as surveyors, had worked upon and repaired the same; and it appeared that the road had been used for many years for public travel. One person, acting as such surveyor, gravelled the way in 1844, and repaired it in 1851.

On this part of the case the instructions of the presiding Judge were: — *that* the dedication might be shown on the part of the party making it by acts or declarations; but to make it a legal street, it must have been accepted by the legal authorities of the town; — *that*, if the surveyors of the town repaired the way, it would be an acceptance by the town; — *that* three or four days work would be such an acceptance; — *that* if any person, acting as a surveyor, gravelled the street, it would be an acceptance; and *that*, if thus dedicated, and thus accepted, it would then become a highway, if generally used by the public, without proof of use for any particular length of time.

A verdict was returned against the defendant, and his counsel excepted to the instructions.

*Knowles*, for defendant.

A surveyor of highways has no authority beyond that

given by statute. *Jones* v. *Lancaster*, 4 Pick. 152; *Plummer* v. *Sturtivant*, 32 Maine, 328. His duty is limited to making and repairing legal roads of the town within his limits. He cannot bind the town by any contract or any act of his beyond this authority. The power contemplated in the instructions is not given by the statute and would be dangerous. Towns are not exposed to such hazards.

*Abbott*, Atty. Gen., for the State, argued that the instructions were in accordance with well known recognized principles, and cited *Hobbs* v. *Lowell*, 19 Pick. 405, and the cases referred to in that case.

APPLETON, J. — The defendant was indicted for a nuisance, by erecting or maintaining a building upon a common highway and public road, in the town of Oldtown. By R. S., c. 1, § 3, R. 6, "the word highway may be construed to include county bridges, and as equivalent to county road or county way." The origin of the road in dispute is shown to have been by dedication of the owner and for private purposes. If it be regarded as either a private or town way, it is not a highway within the meaning of the term, and the government, in such case, will have failed to sustain the allegation in the indictment, that it is a public highway. *State* v. *Sturtivant*, 18 Maine, 66; *State* v. *Strong*, 25 Maine, 298.

It is obvious that injuries to travelers might occur in passing over roads, which had been used and repaired by the public, without having been legally laid out, and when the town, in which they were located, would not be legally liable in consequence of such defect in their legal location. To meet this class of cases, provision was made by R. S., c. 25, § 101, by which it was enacted, that if "it shall appear that the county, town, or plantation, against which such suit is brought, has at any time, within six years before such injury, made repairs on such way or bridge, it shall not be competent for such county, town, or plantation, to deny the location thereof." It was held, in *State* v. *Strong*, 25 Maine, 297, that this did not prevent the town, when indicted for

neglecting to repair such highway, from denying its existence.

The evidence satisfactorily establishes the origin of the road, and that it was dedicated to the public by the owner of the land over which it passed. It is not alleged, or pretended, that this road has been laid out according to the provisions of the statutes regulating the laying out of highways.

Having been dedicated to, and having been used by, the public, after such dedication, for a period short of twenty years, the inquiry arises, whether the town of Oldtown has so assented to, or accepted the way thus dedicated, that the same has become a public highway, which they are liable to keep in repair and for the non-repair of which they may be indicted.

It appears that at times the officers of the town have forbidden the surveyors, in the district in which the way is located, doing any labor thereon. It likewise appears, that at other times work has been done upon the same, by the acting surveyor, or surveyors, of the town of Oldtown.

Among other instructions, the presiding Judge instructed the jury, " that if Wadleigh made out a plan of lot No. 15, and laid out lots and streets, such streets would be only private streets until accepted by the public, when they would become public streets; that the dedication might be shown, on the part of the party making it, by acts or declarations, but to make it a legal street, it must have been accepted by the legal authorities of the town; that if the surveyors of the town repaired said way, it would be an acceptance by the town; that three or four days work would be such an acceptance; that if Hiram Smith, in 1844, as surveyor, gravelled said street, it would be an acceptance; and that if any person, acting as a surveyor, performed these acts upon the street, it would be sufficient; and that if the government had proved that the surveyors acted as such, it was not necessary to show further, by the records of the town, that they were duly elected or appointed; or that the way in question was assigned to such surveyor by the select-

men of the town; *that if thus dedicated and thus accepted, it would then become a highway,* if generally used by the public, without proof of use for any particular length of time."

The dedication of a road to the public is the act of the person dedicating. The evidence is satisfactory as to the fact of such dedication. In England, it was formerly held, that the assent of the inhabitants of the parish was necessary to give it validity, but more recently the law has there been held otherwise. *Rex* v. *Leake,* 5 B. & Adol. 462. In this country, the weight of authority is in favor of the necessity of acceptance, to render the corporation liable, in case the road dedicated and accepted should become out of repair.

It is not enough to sustain the present indictment, to show that the town had accepted the road as a town way; for the defendant is not indicted for a nuisance to a town way. The cases already cited, show that it cannot be sustained by proof of the existence of a town or private way. *State* v. *Strong,* 25 Maine, 297.

The question raised by the instructions given, are of no slight practical importance; for if an acting surveyor, by a single act of labor, or by a series of acts, can give a binding assent to the dedication of a public highway, or a town way, so as to render the inhabitants liable to indictment for any defect, or want of repair of such ways, then the statute may be utterly disregarded, and the power of establishing and laying out ways, may be practically exercised without the knowledge and against the wishes of the inhabitants of the town, and without recourse to the constituted authorities to whom this subject has been entrusted.

The location of county roads is conferred by law upon County Commissioners.

The authority of an highway surveyor is solely derived from the statute. No power to bind the town, by assenting to the dedication of a road, by laboring upon one which has been dedicated, is there perceived. If he has such power, then by one days labor upon a dedicated road, he may ren-

der the town liable to indictment in all cases, whenever it should become out of repair. The location of public ways would be withdrawn from the constituted authorities, and any land owner, with the coöperation of a surveyor, may establish roads *ad libitum,* and impose upon the public all the obligation of keeping them in repair, notwithstanding they may be unnecessary or inexpedient.

It was held, in *Rowell* v. *Montville,* 4 Greenl. 270, that no adverse appropriation or use of land, as a road, for a period short of twenty years, was sufficient to raise the presumption of a grant; nor to impose upon the town the obligation to pay damages occasioned by its neglect to keep the road in repair. In *State* v. *New Boston,* 11 N. H., 413, the Court say, that "an express, formal dedication to the public, an acceptance by some public agent, properly authorized, or by long use of the public, would, upon the authorities, constitute a public highway; though, unless there had been an acceptance, express or implied, it seems the road would not become a highway." "Any individual," says RUG-GLES, C. J., in *Oswego* v. *Oswego Canal Co.,* 2 Selden, 257, "may lay out a way or a thoroughfare through his own land, and may dedicate it as such to the public use. But such dedication does not confer upon the towns, in which the lands lie, the duty of improving or keeping in repair as a public highway, the land so dedicated. This will conclusively appear from a reference to the provisions, which have been in force in our highway Acts for half a century. The power of laying out, altering and discontinuing highways, has been exclusively conferred on the commissioners of highways in the respective towns." * * "Streets and roads dedicated by individuals to public use, but not adopted by the local public authorities, or declared highways by statute, are not highways within the meaning of the highway Acts."

In *Remington* v. *Millard,* 1 R. I., 93, the Court say, that "under the statute of Rhode Island, the fact that the town council have declared a way to be an open highway and has ordered it to be repaired at the expense of the town, is not

evidence of an acceptance by the public, because the town council are not to be deemed the general agent of the public. In no case is a declaration of a town council of any binding force, unless the way has been actually used as a highway for twenty years." It was decided in South Carolina, that there must be some act of acceptance by the constituted authorities where a way has been dedicated. *State* v. *Carver*, 5 Strobh., 217. A road dedicated to the public must be accepted by the county court, on its records, before it can be a public road. *Kelley's case*, 8 Grat. 632. "It is clear," remarks LEIGH, J., in this case, "that there must be, not only a dedication, but an acceptance. What constitutes the latter? Is the mere passing over the road by individuals an acceptance? If so, what numbers must pass to amount to one? Obviously if the acceptance depends upon the number of passers, there will often be great uncertainty whether the road is public or not, which may give rise to much troublesome litigation. To guard against this uncertainty and litigation, the right of acceptance ought to be in some public body." It was held, in *Hyde* v. *Jamaica*, 27 Vermont, 443, that a town must accept a road dedicated to them before they will be bound to keep it in repair, and that a highway surveyor has no power to adopt as public highways, roads already traveled. "To constitute a highway by dedication, which the town are bound to repair, there must be," says BENNET, J., "a dedication of the land by the owner, and an acceptance of the dedication by the town; otherwise it would be in the power of an individal to impose upon a town a liability to make and keep in repair a road *nolens volens*." So in *Curtis* v. *Hope*, 19 Conn. 154, it was held, that to create a highway by adoption, the road must have been made and accepted by the public.

The conclusion is, that an highway surveyor, *as such*, has no authority to accept a way which has been dedicated to the public.

The case of *Hobbs* v. *Lowell*, 19 Pick., 405, has been pressed upon our consideration, as establishing the law as

given in the instructions, to which exceptions have been al-leged.   The authority of that case is weakened by the very elaborate and able opinion of MORTON, J.   In that case, in the conclusion of his opinion, SHAW, C. J., says, " we consid-er the questions, whether the assent of the public is necessa-ry to an effectual dedication, and how it is to be given or withheld, do not arise in the present case, and the Court gives no opinion upon them; they must be considered as open for consideration whenever they occur."

The government were bound to show the road a public highway.   They have failed to do so.   There is and can be no authority on the part of a surveyor to assent to, or accept, a dedication of a way, so as to make the same a public highway or county road, and render the town liable to indictment for its want of repair.   The instructions given were erroneous, and a new trial must be granted.

> *Exceptions sustained,*
> *and new trial granted.*

RICE, J., concurred in the result.