FREDERICK A. PARKER

v.

WILLIAM C. PORTER.

</div>

1. PURCHASE OF LAND—FAILURE OF TITLE—RECOVERY OF DEPOSIT.— In an action to recover the amount deposited as final payment upon an agreement to convey land, *held*, that the purchaser was entitled, under the contract, to a marketable title.

2. TITLE TO BE SHOWN BY ABSTRACT.—Where it was agreed by vendor and vendee that the former was to give a good title to the land sold, such title to be shown by an abstract of title to be furnished, the abstract becomes the evidence of title, and testimony outside the abstract is not admissible to prove title.

3. TITLE—RE-SUBDIVISION.—The purchase was of a lot numbered "fifteen," in a certain subdivision. The abstract of title showed a re-subdivis-

ion wherein the original lot fifteen was subdivided into lots eight an l nine, and another portion of the block was numbered fifteen; *held*, that there was a failure to show a mark·table title on account of the confusion liable to arise as to which lot " fifteen " was intended.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed November 29, 1882.

Mr. H. C. NOYES, for appellant.

Mr. NORMAN A. MILLARD, for appellee; that there could be no difficulty in locating the land intended to be conveyed, cited Manly v. Gibson, 13 Ill. 308; Meacham v. Steele, 93 Ill. 135; Smith v. Crawford, 81 Ill. 296; Bowman v. Wittig, 39 Ill. 416.

A grant will only be declared void for uncertainty where, after a resort to parol proof, it still remains a matter of conjecture what was intended to be conveyed: Billings v. Kankakee Coal Co. 67 Ill. 489; Sharp v. Thompson, 100 Ill. 447; Smith v. Crawford, 81 Ill. 296.

McALLISTER, J. This was an action by Parker, the appellant here, against Porter, the appellee, to recover back the sum of $175, which the former had paid to the latter under an agreement made between them· April 22, 1881, whereby the defendant agreed to sell, and the plaintiff to buy, certain premises described as "lot eight in block fifty-six, Hyde Park subdivision." The plaintiff paid as a deposit the said sum, and agreed to pay the balance of purchase money, specified as $2,000, upon the delivery by defendant of a warranty deed and abstract of title brought down by the recorder's office to date, showing good title. Papers were to be passed in twenty days from date. Upon payment of the $2,000 by plaintiff, defendant was to convey to plaintiff said premises free from incumbrance. Time was made of the essence of the contract, which contained the provision that the $175, should be refunded if the title proved bad. The declaration was upon the contract, and the common money counts. The plea—the general issue. The case was tried by the court

without a jury. On the trial the plaintiff put the agreement in evidence, also the abstract of title which defendant had furnished him; showed his readiness and willingness to perform on his part; that he had refused to pay said balance or go further with the contract, and had demanded back his deposit on the ground that the abstract of title did not show good title to the premises in defendant. It appeared from such abstract that May 8, 1857, there was of record a plat of the town of Hyde Park, on which was designated a block numbered fifty-six, in which among the other lots in said block, was a lot designated as fifteen.

It also appeared therefrom that afterward, and November 11, 1862, there was made and recorded by the then proprietors a new or re-subdivision of the same block fifty-six, whereby said lot fifteen on the former plat was so altered as to be divided into two lots, which were designated as lots eight and nine; and there was also designated on said re-subdivision, but in another locality, in the same block fifty-six, another lot fifteen. It was argued by the counsel for the respective parties on the trial that after such re-subdivision, and March 20, 1865, there was a good title to said lots eight and nine, as well as lot fifteen of the re-subdivision of said block fifty-six in one Stockwell. The abstract shows that whatever title the defendant had to said lot eight, mentioned in the contract, was derived through mesne conveyances from one Horne, and that if the latter had a good title to said lot, it was only by means of a deed to him, made by said Stockwell, after the re-subdivision was of record as aforesaid, and dated said 20th of March, 1865, in which the only description of the property covered by the deed was: "Lot fifteen in block fifty-six in Hyde Park." There was an attempt made on the trial, on behalf of defendant, to show by matters outside the abstract of title that the intention in making the deed from Stockwell to Horne aforesaid, was to convey lot fifteen, as it was designated on the former plat, which would include lots eight and nine in the re-subdivision. The court below finding the issue for the defendant, gave judgment accordingly, to reverse which this appeal is prosecuted.

We are of opinion that upon the evidence the plaintiff was entitled to recover, and that the judgment for the defendant should be reversed for the following reasons:

First. Under the contract between the parties, the plaintiff, the purchaser, was entitled to a marketable title. 1 Sugd. V. & S. 8th Am. Ed., p. 336, and cases in note b.

Second. By the terms of the contract such a title was to be shown by the abstract of title which the defendant was to furnish to the plaintiff. The case does not turn upon the question whether a good title might, or might not, possibly be shown by the abstract, and certain outside facts, but whether the abstract itself showed such a good legal title as would be regarded as merchantable; that is, such a title as that persons of reasonable prudence and intelligence would be willing to pay the fair value of the land, and take the title, as shown by the abstract, alone.

Lastly. We are of opinion that upon the showing of the abstract, there was not a good marketable title in defendant, on account of the re-subdivision, and the strong probability that the description in Stockwell's deed to Horne would be regarded as applying to lot fifteen of such re-subdivision, instead of to lot fifteen of the first plat, which by the re-subdivision had been changed into two lots, eight and nine. In view of the matters shown by the abstract, it is quite impossible to say that the description in that deed was sufficient to embrace lot fifteen upon the first plat. The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.