. H. Harcourt Horn and another *vs.* John G. Butler.

December 18, 1888.

Vendor and Purchaser—Agreement to Furnish Abstract Showing Good Title—Admission of Default in Pleadings.—Defendant contracted to sell and plaintiffs to buy certain real estate, whereupon the latter paid part of the purchase price. The defendant was to furnish an abstract of title, and, if plaintiffs ascertained his title to be unmarketable to such an extent as to warrant them in refusing to complete the trade, and on such ground they should refuse, defendant should return the money paid. In an action to recover such money plaintiffs' complaint contained an allegation that the abstract so furnished failed to show that defendant had any title, marketable or otherwise, to the property; and that plaintiffs thereupon returned the abstract, and refused to proceed. This allegation was not met by the answer. *Held*, that, as it stood admitted, the plaintiffs were entitled to judgment on the pleadings for the amount paid.

Plaintiffs brought this action in the district court for Ramsey county, to recover the sum of $250, paid by them upon the making of the contract set out in the following memorandum made part of the complaint:

"St. Paul, Minn., March 9, 1886.

"Received of C. H. Benedict $250 as earnest-money on account of purchase of the following described real estate, (describing certain land,) sold for the sum of $8,000, on the following terms of payment; all cash but mortgage of $2,725, one and two years from October, 1885. Abstract of title to be furnished without delay, and a good and sufficient conveyance delivered within twenty days thereafter, upon receipt of cash payments and the securities for deferred payments. In case the title shall be ascertained to be unmarketable to such an extent as to warrant the purchaser in refusing the same, and shall so refuse the same upon that ground, the vendor shall not be liable to any damage, and the said sum of $250 paid by the purchaser shall be returned to him.          John G. Butler,

"By Smith & Taylor, Agents."

When the action was called for trial before *Kelly*, J., and a jury,. upon plaintiffs' motion judgment was directed in their favor upon the pleadings. From this judgment the defendant appeals.

The answer began with a general denial in the following words,. viz.: "Defendant denies each and every allegation, matter, and thing in said complaint contained, except such as are hereinafter expressly admitted, qualified, and denied." The portion of the answer relating to the allegations of the complaint referred to in the opinion began as follows, viz.: "Answering subdivisions A, B, C, D, E, F, and G, of the 6th allegation of plaintiffs' complaint, defendant admits," etc.

*D. M. Scribner* and *F. M. Catlin*, for appellant.

*Lawler & Durment*, for respondents, cited *Leyde* v. *Martin*, 16 Minn. 24, (38,) and *Davenport* v. *Ladd*, 38 Minn. 545, (38 N. W. Rep. 622.)

COLLINS, J. After the selection of a jury in the above-entitled action, judgment for plaintiffs upon the pleadings was ordered, upon the ground, as we are informed by the briefs, that it stood admitted by defendant that before the commencement of the action he had sold and conveyed the premises described in the contract between these parties for the sum plaintiffs had conditionally agreed to pay therefor, and for that reason could not retain plaintiffs' money. As we construe the contract, complaint, and answer, it is unnecessary to pass upon the correctness of this view, as the court was clearly right in its conclusion, for another reason. By the terms of the contract, made a part of the complaint, the defendant was to furnish to plaintiffs an abstract of title, and, if the title should be found to. be unmarketable to such an extent as to warrant the latter in refusing to complete the trade upon that ground, the money paid by them (for which judgment was ordered) should be refunded. Among the allegations of the complaint is one to the effect that the abstract of title so furnished failed to show that the defendant had any title, marketable or otherwise, to the premises; that plaintiffs thereupon returned the abstract, with notice of their refusal to take the property because of the unmarketable title thereto. These salient and meritorious allegations in the complaint are only met in the answer by averments that defendant had a good title to, and good right to convey, the prem-

ises; that he was anxious, willing, and able to give a good and marketable title, and to complete it to plaintiffs' satisfaction. He also alleges that he so informed the plaintiffs, but from the pleadings it appears that this was subsequent to plaintiffs' return of the abstract and refusal to consummate the bargain. Such averments are inadequate, and do not meet the issue tendered by the complaint. In determining the marketability of defendant's title to the property described in the contract,—in ascertaining the validity of his alleged title,—plaintiffs were justified in relying solely upon the abstract furnished by him for their guidance. If it did not disclose his ownership—the marketable character of his title—they were not obliged to examine further or elsewhere; their refusal to proceed was warranted. It may be the fact that defendant's title was or could be made complete, but no provision was made in the contract for the perfecting thereof, should it be found defective. The marketable character of the title depended upon the record, and this would or should be shown by the abstract. The allegation that the abstract failed to show that defendant had any title is not put in issue by the averment in the answer that he had a good title, that he was able to give such a one, and was ready to make it satisfactory.

It may be urged that the general denial in the answer puts in issue the allegation in the complaint referred to. This might be true, were it not that defendant, after denying generally, attempts to answer specifically and in detail the subdivision of the complaint in which the averment of want of title is found, and fails to do so.

The majority of the court are of the opinion that the judgment should be affirmed.

NOTE. A motion for reargument of this case was denied January 3, 1889.