## VORWERK v. NOLTE.[*]

### No. 13,470; September 11, 1890.

24 Pac. 840.

**Vendor and Vendee—Failure to Convey.**—Defendant contracted to sell land to plaintiff, and stipulated that the money paid therefor was to be returned in case he failed to execute and deliver a deed "after one year from date" of the contract. It was agreed that time was of the essence of the contract. Held, that the deed was to be delivered one year from the date of the contract, and a tender of it nine days after the expiration of the year was not a compliance with the contract.

**Vendor and Vendee.—An Action to Recover Such Purchase Money** is not an action for the rescission of the contract, but one for money due thereunder.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

J. W. Mitchell (Chapman & Hendrick of counsel) for appellant; J. D. Bicknell and R. H. F. Variel for respondent.

SHARPSTEIN, J.—Action to recover $3,750 and interest at the rate of three per cent per month from June 24, 1887. The action is upon a contract in writing whereby the plaintiff agreed to pay, and did pay, to the defendant $3,750 for a certain lot of land which the defendant agreed to convey to plaintiff one year after the date of said contract, which was dated June 24, 1887. And on the same day, and before plaintiff paid to defendant said $3,750, defendant made and executed the following agreement, to wit:

"This agreement is to certify that I, the undersigned, promise to execute to a lot on First street, to which I executed to-day an agreement, and which has been paid in full by Mr. John Vorwerk, and, in case of failure of the undersigned to deliver and execute a deed after one year from date hereof, bind myself to refund the purchase price, three thousand seven hundred and fifty dollars ($3,750) with interest at the rate of three per cent per month.

"C. A. NOLTE."

[*]For subsequent opinion in bank, see 87 Cal. 236, 25 Pac. 412.

That this and the preceding agreement were parts of the same contract is found by the court, and conceded by counsel. And, being so conceded, the obvious meaning of the contract is that the defendant, in consideration of $3,750, to him paid by the plaintiff, would, one year after the date of said contract, execute and deliver to the plaintiff a perfect deed of the lot described in said contract; and in case of a failure of defendant to execute and deliver such a deed after one year from the date of said contract, he would refund the purchase price, $3,750, with interest at the rate of three per cent a month. This construction of the agreement is not, so far as we are advised, controverted. The date of the contract, as before stated, is June 24, 1887. A deed was not tendered until July 2, 1888, which was more than one year from and after the date of said contract. But the court finds as a conclusion of law "that at the time this action was commenced, February 11, 1889, the defendant was not in default, within the terms of either of said agreements set forth in findings Nos. 10 and 12." That conclusion is probably based upon the following finding of fact: "That on the second day of July, 1888, the defendant made and duly signed and acknowledged before a notary public so as to entitle it to be placed of record a good and sufficient deed of grant, bargain, and sale conveying to the said plaintiff the premises described in said contract between the parties hereinbefore described in finding No. 10, free of all encumbrances; and on the said second day of July, 1888, and before the commencement of this action, the defendant tendered the same to the plaintiff but plaintiff refused to receive or accept the same, and the defendant brought the said deed into court, and renewed his tender and offer therein, and did proffer in his pleadings, and at the trial of this action, to deliver the same to the plaintiff in pursuance of his aforesaid contract to do the same, and the same is now in the custody of the clerk of this court, subject to the order of the plaintiff." There is no finding that a deed was tendered at an earlier date than July 2, 1888. From which we infer that the court regarded the tender of a deed at that time a substantial compliance with the agreement of defendant to execute and deliver to the plaintiff a deed after one year from the date of said agreement, which was June 24, 1887.

Precisely how the court arrived at that conclusion, we cannot intelligently state. But counsel for respondent defends the findings of the court as follows: ''But, by the express terms of that agreement, defendant only promised to pay the purchase price of $3,750 back, with interest at three per cent a month, in the event he should fail to deliver a deed after the expiration of a year. He did offer to deliver a deed on the ninth day after the year expired, and prior to the commencement of the plaintiff's action. Such tender of the deed, we submit, was only required to be made within a reasonable time after the year expired.'' Is that the meaning of the agreement of the defendant to execute and deliver to the plaintiff a perfect deed one year after the date of said agreement, and, in case of failure of defendant to deliver and execute a deed after one year from date of said agreement, he would refund the purchase price, $3,750, with interest at the rate of three per cent per month? We think not. It plainly appears by the language of the contract that the defendant was to deliver to plaintiff a deed one year after the twenty-fourth day of June, 1887, i. e., on the twenty-fourth day of June, 1888, and defendant, failing to do that, bound himself to pay to plaintiff the sum specified in the agreement. It was agreed that time was of the essence of the contract. Nothing is better settled than that parties have a right to make their contracts as stringent as they please, and to make time of the very essence of their contract; and if one party, without the consent of the other, allows the specified time to pass, no matter from what cause, without performing the conditions, the stipulated consequences must follow: Chrisman v. Miller, 21 Ill. 227. We think the parties here, in employing the term ''one year after the date of the contract,'' intended to employ it in the sense in which it is frequently employed in promissory notes, made payable at a specified time after date, as one month after date, the meaning of which is generally well understood. The object of all rules of construction is to arrive at the meaning of the parties, and not to impose one upon them.

Counsel have discussed at some length the question whether this is an action for money had and received, or for rescission of a contract. In our opinion it is neither. It

is an action for the recovery of money upon an express contract. Not to rescind a contract, but to enforce it. Judgment and order reversed.

We concur: Works, J.; McFarland, J.; Paterson, J.; Fox, J.; Thornton, J.