Richmond, P. J.,
delivered the opinion of the court.
In the month of March, 1889, C. M. Williams, defendant in error, entered into a contract of purchase of certain real estate in the city of Trinidad with the plaintiff in error, D. L. Taylor. The consideration price for the property was $7,500; $500 was paid at the time of entering into the contract ; the balance of $7,000 was to be paid upon the execution and delivery of the abstract of title, together with a warranty deed.
At the time of the payment of the money the following writing was executed by Taylor:
“ Trinidad, Colo., March 9,1889.
Reced of C. M. Williams five hundred payment on acc. of the sale “ City Hotel ” property, bale, of $7,000 to be paid on or before Apl. 1st, on del. of warranty deed conveying clear title with abstract.
D. L. Taylor.”
It appears from the record that an abstract of title was furnished and submitted to the solicitors of Williams ; that the ultimate conclusion of the solicitors was that the abstract *561 did not show a perfect title in Taylor and an opinion was rendered to that effect.
On May 8,1889, Williams, by letter, dated at Colorado Springs, advised Taylor of the conclusion reached by his solicitors and forwarded to him a copy of the opinion, which opinion pointed out the defects in the title.
Subsequently a demand was made for the return of the $500, and expense of examination of title, together with interest on the $7,000, which had been lying idle in the bank for a period of several months, for the purpose of meeting the final payment. This demand was refused and action brought.
In the course of the trial certain documentary evidence, was offered for the purpose of establishing Taylor’s title, to which objection was made and sustained. The cause was tried to the court. The court found for the plaintiff and rendered judgment for the sum of $750.60. To reverse which this writ of error is prosecuted.
The first thing we have to determine is the character of the contract. If from the language of the entire contract we shall conclude that the intention of the parties was such that the agreement on the part of Williams was to consummate the purchase by paying the balance of the purchase price when he should receive an abstract showing a clear and undoubted title in Taylor, and that it was the duty of Taylor to furnish such abstract, which he failed to do, then the conclusion will be that the furnishing of such abstract was a condition precedent, and it is the duty of both courts of law and of equity to enforce the same.
It is a well known fact that few persons purchase real estate at the present time without first obtaining from the vendor an abstract of the records showing the condition of the vendor’s title, and with the view of having such title passed upon by some one learned in the law. We have no doubt but that the parties to this transaction, at the time of execution of the writing and the payment of the $500, well understood that the abstract. should precede the execution and *562 delivery of the warranty deed, and that it should receive the consideration of such solicitors as the vendee might select. This is confirmed by the action of Taylor in procuring an abstract, and in retaining within his possession the warranty deed, and his frequent consultation with parties having the abstract under consideration.
It is nowhere claimed in the record that the abstract so furnished did show a perfect title. On the contrary, it is insisted that notwithstanding the admission that the title was faulty, as shown by the abstract, yet nevertheless in an action to recover back the money paid as part of the purchase price, the defendant was entitled at the trial to show that he had a complete and perfect title to the premises. We cannot agree with this contention. The contract was to furnish an abstract of title, and such abstract should contain whatever concerns the sources of the title and its conditions. Not only should the descent and line of the title be clearly traced out, and all incumbrances, all chances of eviction, or advez'se elaizns should be shown, but matezial parts of all patents, deeds, wills, judicial proceedings and other records or documents which touch the title, and also liezis and incumbrances of every nature, should be set forth. " And in every contract for the sale of real' estate it is implied that the seller will, before the completion of the contract, show a good marketable title. The object of the abstract is to enable the purchaser or his counsel to pass more readily on the sufficiezrcy of the title. This being so, we are unable to see how the defezidant, Taylor, could have izisisted ozr the completion of the contract of purchase by Williams until, as by the terms of the contract, he had showzi by abstract a perfect chain of title. If he could not do this, then clearly he had no right to retain in his possession the money which he had received under the cozitract as part of the purchase price. But, izr addition to the foregoing, it is izisisted that because Williams retained the contract within his possession for a period of a month over the time specified in the agreeznent for the delivery of the abstract and deed, that he thereby ex *563 cused the performance and thus entitled the defendant to introduce in proof his chain of title. While it is true that this delay in rescinding the bargain on the part of Williams was a voluntary act on his part, it in no way prejudiced Taylor, but, on the contrary, furnished him a further opportunity of providing an abstract. Besides, it appears that from the time of the return of the abstract and demand of repayment to the commencement of the action, three months elapsed, and that from the commencement of the suit until rendition of judgment more than six months. Yet at no time, not even on the trial of the cause, did Taylor present an abstract other than the one which had been rejected and which was admitted to be defective. .Had the defendant tendered an abstract showing a good title prior to any rescission of the bargain by the vendee, he could have enforced the contract of sale. What his rights might have been had he made such tender prior to the bringing of this action or even at the trial it is wholly unnecessary for us to determine.
It is said by the English authorities, the lapse of time may be disregarded in equity, in decreeing a specific performance of a contract for land. There is, however, a vast difference between contracts for land in England and in this country. There the lands have a known, fixed and staple value, and this rule might be enforced with justice.to all parties; but in this country, where the price is continually fluctuating and uncertain and a day often makes a great difference, and in almost every case, time is a very material circumstance. Such in substance is the language of Justice Livingston in the case of Hepburn v. Auld, 5 Cranch, 279.
It may be added to this that at the present day business is done with such comparative speed, changes of property and places of business are so frequent, that it would in most cases be inequitable to compel a party to accept property after any considerable delay, or to compel him to keep his funds unemployed through fear that the court may order him to accept it on terms of delay that he never assented to. Richmond v. Gray, 3 Allen, 25.
*564 We have been unable to find any rule of equity or principle of law that would justify us in saying that a court should compel a party to accept a deed to premises after so long a delay as is here shown on the part of the defendant, or to declare that a party who had generously extended the time for the performance of conditions precedent to purchase, would not be entitled to recover the amount paid and his legitimate damages by reason of the failure of the seller to perform the conditions of his written promise.
Certain it is that a defective record title is not marketable, and that a specific performance will never be decreed on the suit of the vendor whenever the doubt concerning title is one which can only be settled by further litigation. Turner v. McDonnell, 76 Cal. 177; Richmond v. Gray, supra; Gans v. Renshaw, 2 Pa. St. 34; Studevant v. Jacques, 14 Allen, 523; Howe v. Hutchinson, 105 Ills. 501.
What absolves a vendee in equity will discharge him at law from responsibility upon a contract to buy. Schroeder v. Wittram, 66 Cal. 636.
The case of Smith v. Taylor, 82 Cal. 538, is one very similar to the one in hand. The court in commenting upon the contract said : The only fair interpretation of this contract is that he was to furnish an abstract of title, — a paper prepared by a skilled searcher of records which should show an abstract of whatever appeared on the public records of the county affecting the title, — and that this, abstract must show good title, or there was no sale, and in that event he must return the money. It appeared that the abstract did not show good record title, and the court held that the plaintiff was not bound to make any investigation outside the abstract, or to take the chances of any litigation which the abstract showed to be either pending or probable. In that case as in this it was insisted that the vendor had the right to prove by evidence aliunde that the claims of persons who appeared by the abstract of title to be asserting title to land adverse to the title which he offered, and who had suits pend *565 ing regarding the same were groundless. Such' evidence was held inadmissible.
We do not think that the title was involved in this action. By the abstract it was shown that the condition of the title was such as to put Williams in a position to treat the contract between himself and the defendant as rescinded. Schroeder v. Wittram, supra.
In what respect the damages are excessive is not pointed out. Plaintiff had an undoubted right to recover the sum of $500 — the amount paid out for examination of the abstract and the interest on the sum which had remained idle during the pendency of the contract between the parties.
We do not feel called upon to exercise our arithmetical talent in ascertaining by computation precisely the amount of the excess. Besides, this is a matter that should have been brought to the attention' of the court below, where it undoubtedly would have been corrected.
Counsel for plaintiff in error discusses the inadmissibility in evidence of opinion as to the defect of title. The opinion was put in evidence by consent as shown by the bill of exceptions, therefore they are not in a position to insist upon this as error.
We are clearly of the opinion that the findings of the court below were correct, and that the judgment was properly entered for the plaintiff.
The judgment must be affirmed.

Affirmed.