# GROW et al. v. TAYLOR et al., as STATE BOARD OF NORMAL TRUSTEES.

*(137 N. W. 451.)*

**Schools and school districts — school property, how acquired — board of normal trustees — vendor's title.**

1. Where the board of normal trustees of the state of North Dakota passed a resolution to the effect "that the board proceed to formal ballot for the selection of a site to contain at least 60 acres of ground, in accord with the legislative act establishing such school. Warranty deeds of the tract selected, together with abstract of title showing the property to be free from encumbrances of any kind or nature, to be furnished this board, title in the name of the state of North Dakota, not later than June 27, same to be presented to the board at its Mayville meeting on the date above mentioned; otherwise the location as made under this vote and motion to be null and void, and in no wise binding upon this board or the state of North Dakota," said resolution called for and demanded the production of a merchantable abstract of said 60 acres not later than said 27th day of June.

**Vendor and purchaser — merchantable abstract of title — vendor's title.**

2. An abstract is not merchantable which needs to be supported by extrinsic evidence; and since the abstract in question disclosed the fact that on said tract of land avenues and alleys had been dedicated to the public, and that said avenues and alleys had never been revoked, canceled, vacated, or set aside, and also disclosed an unsatisfied mortgage upon unrecorded oil and gas leases, said abstract was not a merchantable or marketable abstract.

**Schools — donation or dedication of site — acceptance.**

3. The mere fact that a donation or dedication had first been offered by the citizens of Minot to the board is of no importance. A donation or dedication, in order to be binding upon the donee or grantee, must be accepted. In the case at bar there is no proof of an acceptance, but rather of a counter offer or proposal, which, in turn, the proof does not show to have been accepted by the plaintiffs, by compliance with the terms thereof.

**Schools — delivery and sufficiency of deed.**

4. Under the facts disclosed, it is held that a delivery of a deed to one of the members of the said normal board and the subsequent recording of said deed by the grantors did not constitute either an acceptance or fulfilment of the counter-proposal of the board by the donors, or an acceptance by the board itself, it not being shown that the said member had authority to accept the said deed, or that the abstract demanded had upon its face shown a marketable title, or that the defects therein had been waived by the said board.

**Schools — acquisition of property — delivery and sufficiency of deed.**

5. In an action to enjoin a board of trustees from selecting a site for the location of a normal school, and the establishment of such school thereon, on account of the alleged fact that said board has already accepted a prior offer for a location, it must be shown that the plaintiffs and objectors have an actual interest in the prior location. Where it is shown that the prior location was offered nominally and generally by the citizens of a town, but actually by two persons, and the record discloses that only one of such persons had legal title to the land offered, and the other merely a speculative interest in the proceeds of the sale thereof, and in the advantage to be derived to other property from the location, and such prior person dismisses his appeal, the latter has no privity or mutuality of contract between him and the defendant board which will entitle him to maintain an action of specific performance or such injunction proceedings.

Opinion filed June 28, 1912.

Appeal from the District Court of Ward county; *Templeton,* J.

Application for permanent writ of injunction restraining defendants from proceeding to the selection of a certain site for, and the erection of, certain buildings for the Minot Normal School.

Judgment for defendants.

Affirmed.

The defendants herein constitute the state board of normal school trustees, provided for by chap. 61 of the Laws of 1911. Pursuant to the provisions of chap. 22, Laws of 1911, said board proceeded to select a site for the normal school to be located at the city of Minot. Several sites were tendered by the citizens of Minot, and on the 24th of May, 1911, at a meeting of said board, according to the minutes of said board, "it was moved by Mr. Willson, and seconded by Mr. Nelson, that the board proceed to formal ballot for the selection of a site to contain

at least 60 acres of ground in accord with the legislative act establishing said school. Warranty deeds of the tract selected, together with abstract of title showing the property to be free from encumbrances of any kind or nature to be furnished this board, title in the name of the state of North Dakota, not later than June 27th, same to be presented to the board at its Mayville meeting on the date above mentioned; otherwise the location as made under this vote and motion to be null and void, and in no wise binding upon this board or the state of North Dakota." This resolution was duly carried. After its passage, the board proceeded to vote upon the selection of a site, in conformity therewith, and, by a vote of five to two, selected what is known as the Olsen-Grow site, which is the site sought to be established in this case; namely, "the West half and the N. W. $\frac{1}{4}$, of the S. W. $\frac{1}{4}$, and the N. $\frac{1}{2}$ of the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of sec. 25, township 155, range 83, and all of blocks 2, 3, 4, 5, 6, and 7, of Warrendale Addition to the city of Minot." On or about the 26th day of June, 1911, warranty deeds of the tracts in controversy were placed by the plaintiffs in the hands of Martin Jacobson, one of the defendants in this action, and one of the members of the board of normal school trustees. The proof, however, shows that the said Jacobson had not been authorized by the defendant board to accept the same. On receiving such deeds, said Jacobson returned them to one of the grantors, and asked him to place them on record, in conformity with the resolution before referred to, and such deeds were placed of record on the 26th day of June, 1911, and were, a few days after the 27th day of June, 1911, mailed by the plaintiffs to E. J. Taylor, superintendent of public instruction, and *ex-officio* president of the defendant board of normal trustees, and one of the defendants in this action. At the meeting of the board of normal school trustees held at Mayville on the 27th day of June, 1911, an abstract of said tracts of land was delivered to the defendants, sitting as such board, and on said 27th day of June, said Martin Jacobson, one of the defendants herein, and a resident of the city of Minot, asked permission to take the said abstracts back to Minot for correction of some clerical errors therein. It does not appear, however, that the abstracts were examined or accepted at the time, and a few days thereafter they were mailed by the plaintiffs to the defendant E. J. Taylor, president of the board of normal school trustees, aforesaid. They were by him

submitted to the attorney general, and at the next meeting of the board of normal school trustees, which was held on the 1st day of August, 1911, they were delivered to the board, together with an opinion from said attorney general holding that they did not show title in the state of North Dakota, free and clear of encumbrances and defects. After the receipt of such abstracts, and at such meeting, two members of the board were appointed to visit the city of Minot for the purpose of securing an expression of the choice of the people of that city as to the several sites proposed, and on the 16th day of August, 1911, and after a straw vote had been taken by the citizens of the city of Minot, the defendants, in regular session as the board of normal school trustees, formally selected another site, known as the Ramstad site, as the permanent site for the Minot Normal School. Before anything was accomplished by the board, however, under this resolution and selection, the present action was commenced by plaintiffs for the purpose of enjoining the establishment of the school on the Ramstad site and the expenditure of money therefor in the erection of buildings, etc., a claim being set forth that the city of Minot had complied with the requirements made in the motion or resolution adopted on the 24th day of May, and that the Olsen-Grow site had been formally selected. The trial court found the issues for the defendants and dismissed the action, and an appeal has been taken to this court.

*E. R. Sinkler* and *J. A. Heder,* for appellants.

The action of the State Board of Normal School Trustees in selecting the south hill site was final, and they had no power or authority, after having once determined the matter, to review or alter their first determination. Throop, Pub. Off. §§ 552, 553; Multnomah County School Dist. v. Lambert, 28 Or. 209, 42 Pac. 224; Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; Brown v. Otoe County, 6 Neb. 116; State ex rel. Clark v. Buffalo County, 6 Neb. 454; People ex rel. Hotchkiss v. Broome County, 65 N. Y. 227; Babcock v. Goodrich, 47 Cal. 513; Onondaga v. Briggs, 2 Denio, 26; Jermaine v. Waggener, 1 Hill, 279; Woolsey v. Tompkins, 23 Wend. 324; Beall v. State, 9 Ga. 367; Thomas v. Churchill, 84 Me. 446, 24 Atl. 899; People ex rel. Chase v. Wemple, 144 N. Y. 478, 39 N. E. 398; Northern Trust Co. v. Snyder, 113 Wis. 516, 90 Am. St. Rep. 867, 89 N. W. 464;

Orange County Law Library v. Orange County, 99 Cal. 571, 34 Pac. 244; Richards v. Low, 38 Misc. 500, 77 N. Y. Supp. 1102; Keenan v. Harkins, 82 Miss. 709, 35 So. 177; Osterhoudt v. Rigney, 98 N. Y. 234; People ex rel. Williams v. Reid, 11 Colo. 138, 17 Pac. 302; Clarke County v. State, 61 Ind. 75; State ex rel. Hymer v. Nelson, 21 Neb. 572, 32 N. W. 589; Burke v. Perry, 26 Neb. 414, 42 N. W. 401; 7 Enc. Law, 1008, note; Hanna v. Putnam County, 29 Ind. 170; Hall v. Holden, 116 Mass. 172; New Orleans v. St. Louis Church, 11 La. Ann. 244; Northampton County's Appeal, 57 Pa. 452; Western Sav. Fund Soc. v. Philadelphia, 31 Pa. 175, 72 Am. Dec. 730; Flournoy v. Jeffersonville, 17 Ind. 169, 79 Am. Dec. 468; Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; Mechem Pub. Off. § 637.

The recording of a deed is prima facie evidence of delivery to and acceptance by the grantee. 13 Cyc. 567; Ellis v. Clark, 39 Fla. 714, 23 So. 410; Stallings v. Newton, 110 Ga. 875, 36 S. E. 227; Neel v. Neel, 65 Kan. 858, 69 Pac. 162; Kelsa v. Graves, 64 Kan. 777, 68 Pac. 607; Holmes v. McDonald, 119 Mich. 563, 75 Am. St. Rep. 430, 78 N. W. 647.

*Andrew Miller,* Attorney General, *C. L. Young,* and *Alfred Zuger,* Assistant Attorneys General, for respondents.

An offer and an unequivocal acceptance of a dedication are necessary to make it complete. 9 Am. & Eng. Enc. Law, 43; 13 Cyc. 461; State v. Trask, 6 Vt. 355, 27 Am. Dec. 563; State v. Bradbury, 40 Me. 154; Jordan v. Otis, 37 Barb. 50; Rhodes v. Brightwood, 145 Ind. 27, 43 N. E. 942; Elliott, Roads & Streets, § 114, 2d ed.; 9 Am. & Eng. Enc. Law, 21; Flack v. Green Island, 122 N. Y. 107, 25 N. E. 267; Livingston v. Livingston, 29 Neb. 167, 45 N. W. 233; Ingram v. Colgan, 106 Cal. 113, 28 L.R.A. 187, 46 Am. St. Rep. 221, 38 Pac. 315, 39 Pac. 437; Re Campbell, 7 Pa. 100, 47 Am. Dec. 503; Gray v. Nelson, 77 Iowa, 63, 41 N. W. 566; Scott v. Berkshire County Sav. Bank, 140 Mass. 157, 2 N. E. 925; 14 Am. & Eng. Enc. Law, 1027; Brown v. Manning, 6 Ohio, 298, 27 Am. Dec. 255; Rutherford v. Taylor, 38 Mo. 319.

The title called for by the resolution was in effect one free from the lien of all burdens, charges, or encumbrances, and from palpable defects and grave doubts. 1 Warvelle Vend. & P. § 299; Roberts v. Bassett, 105 Mass. 409; Davidson v. Van Pelt, 15 Wis. 342; Jenkins

v. Fahey, 73 N. Y. 355; Smith v. Taylor, 82 Cal. 534, 23 Pac. 217; Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Parker v. Porter, 11 Ill. App. 602; Taylor v. Williams, 2 Colo. App. 559, 31 Pac. 504.

BRUCE, J. (after stating the facts as above). The first point to be considered in this case is whether the plaintiffs complied with the resolution of May 24, and furnished to the board, not later than June 27, 1911, "abstracts of title showing the property to be free from encumbrances of any kind or nature." This question we are compelled to determine in the negative. The abstracts which were presented disclose, and, as far as we can learn, still disclose that blocks 2, 3, 4, 5, 6, and 7 of Warrendale Addition was a part of the S. W. ¼ of the N. W. ¼ of sec. 25, township 155, Range 83, and that on the 21st day of June, 1907, the owners thereof had caused the same to be surveyed and platted as Warrendale Addition to the city of Minot, North Dakota, and by a certificate of ownership and dedication executed and acknowledged on said day had conveyed to the public and for public use all the streets, avenues, and alleys so made, and said dedication had, insofar as the abstract revealed, never been revoked, canceled, or set aside, nor had said streets, avenues, or alleys ever been vacated. This fact was established both by the abstracts themselves and by the parol evidence. The abstract also showed that on the 5th day of August, 1909, the Great Northern Oil, Gas, & Pipe Line Company executed and acknowledged their mortgage for $26,000 to E. A. Parsons, R. A. Barron, and W. B. Parker, on all of its assets, schedule B of said assets covering certain unrecorded leases for oil and gas purposes on some of the lots included in said tract, and that said mortgage was unsatisfied and still of record on June 27, 1911. The abstract also disclosed that the title to the W. ½ of the N. W. ¼ of the S. W. ¼ and the N. ½ of the W. ½ of the S. W. ¼ of the S. W. of said sec. 25 was based upon the foreclosure of a certain mortgage, but failed to show upon said abstract a copy of the notice of foreclosure sale, affidavit of publication, or any memorandum relating to such notice or affidavit, nor any copy or memorandum of any decree of foreclosure in any action brought for such purpose. The abstract also disclosed a contract for deed of such premises executed by the Bank of Minot on the 21st day of April, 1903, to the North Dakota Title, Insurance, & Trust Company, and a contract

executed by the said North Dakota Title, Insurance & Trust Company to convey the said premises to one A. S. Drake as trustee, and another agreement by which the Guaranty Company of North Dakota and the North Dakota Title, Insurance, & Trust Company agreed to sell and convey said premises, with other lands, to one E. H. Mears.

These abstracts, disclosing the facts such as we have mentioned, can hardly be said to have been merchantable abstracts, or to have shown the property to be "free from encumbrances of any kind or nature." The resolution called for what is commonly called a marketable title, and such was not furnished. 1 Warvelle, Vendors, § 299; Roberts v. Bassett, 105 Mass. 409; Davidson v. Van Pelt, 15 Wis. 341; Jenkins v. Fahey, 73 N. Y. 355; Smith v. Taylor, 82 Cal. 534, 23 Pac. 217; Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Parker v. Porter, 11 Ill. App. 602; Taylor v. Williams, 2 Colo. App. 559, 31 Pac. 504.

It may be that on the trial many of these defects were cured by the production of deeds, quitclaims, certificates, etc. The question to be determined, however, was not what was the actual condition of the title at the time the abstracts were furnished, nor what was the condition of the title at the time of the trial, but what was the condition of the title as disclosed by the abstracts on June 27, 1911. Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Parker v. Porter, 11 Ill. App. 602; Taylor v. Williams, 2 Colo. App. 559, 31 Pac. 504; Smith v. Taylor, 82 Cal. 534, 23 Pac. 217. There is no pretense, however, of showing that even on the trial the defect which was undoubtedly created by the dedication of the streets had been remedied, and that such dedication was a defect is beyond controversy. 2 Warvelle, Vendors, 972; Barlow v. McKinley, 24 Iowa, 69; Burk v. Hill, 48 Ind. 52, 17 Am. Rep. 731; Prescott v. Trueman, 4 Mass. 627, 3 Am. Dec. 246; Turner v. Reynolds, 81 Cal. 214, 22 Pac. 546; Koshland v. Spring, 116 Cal. 689, 48 Pac. 58; Maupin, Marketable Title, 2d ed. p. 775, and note, 16. That the abstract was not general merchantable is also further established by the following authorities: Clark v. Fisher, 54 Kan. 403, 38 Pac. 493; Fritz v. Pusey, 31 Minn. 368, 18 N. W. 94; Edwards v. Clark, 83 Mich. 246, 10 L.R.A. 659, 47 N. W. 112; Roberts v. McFadden, 32 Tex. Civ. App. 47, 74 S. W. 105; Stambaugh v. Smith, 23 Ohio St. 584, 15 Mor. Min. Rep. 82; Spurr v. Andrew, 6 Allen, 420; Clark v. Zeigler, 79 Ala. 346; Gates v. Parmly, 93 Wis. 294, 66 N. W.

253, 67 N. W. 739; Maupin, Maretable Title, pp. 728, 786. Shriver v. Shriver, 86 N. Y. 575; 1 Warvelle, Vendors, § 229.

Nor is there anything in the proposition advanced by the plaintiff Youngman, that a binding contract had been made with the board, and that the board could not afterwards rescind it. A donation by the owner is merely an offer, and, until the municipality or board accepts it, it cannot be bound. Littler v. Lincoln, 106 Ill. 353. Proof of an acceptance is necessary. 9 Am. & Eng. Enc. Law,. 43; 13 Cyc. 461; State v. Trask, 6 Vt. 355, 27 Am. Dec. 563; State v. Bradbury, 40 Me. 154; Jordan v. Otis, 37 Barb. 50; Rhodes v. Brightwood, 145 Ind. 21, 27, 43 N. E. 942; Elliott, Roads & Streets, § 114; 9 Am. & Eng. Enc. Law, 2d ed. 21; Flack v. Green Island, 122 N. Y. 107, 25 N. E. 267; Gray v. Nelson, 77 Iowa, 63, 41 N. W. 566; Scott v. Berkshire County Sav. Bank, 140 Mass. 157, 2 N. E. 925. The gift or dedication was never really accepted. In place of an acceptance a counter proposition was made, to the effect that the site would be accepted provided that, within the time specified, the terms of the resolution in regard to the abstract, etc., was complied with. Sec. 5306, Revised Codes of 1905; Page, Contr. § 46; Corcoran v. White, 117 Ill. 118, 57 Am. Rep. 858, 7 N. E. 525; 9 Am. & Eng. Enc. Law, 51. The plaintiff has not shown that he met the requirements of this conditional acceptance or counter proposition. Page, Contr. § 39; Stinson v. Dousman, 20 How. 461, 15 L. ed. 966; Page, Contr. § 1159; Vorwerk v. Nolte, — Cal. —, 24 Pac. 840; Slater v. Emerson, 19 How. 224, 15 L. ed. 626.

Nor do we consider that the delivery of a deed to the trustee, Jacobson, amounted to anything. He was not authorized to accept it or to waive the conditions of the resolution. Nor, in the absence of any acceptance, did the mere fact of its being recorded amount to anything. Parmelee v. Simpson, 5 Wall. 81, 18 L. ed. 542; Samson v. Thornton, 3 Met. 275, 37 Am. Dec. 135; Welch v. Sackett, 12 Wis. 253; 1 Devlin, Deeds, § 290; Hawkes v. Pike, 105 Mass. 560, 563, 7 Am. Rep. 554.

Another reason why the judgment of the trial court must be affirmed is that the plaintiff Grow, prior to the hearing in the supreme court, dismissed his appeal, and the case comes before us on the appeal of F. W. Youngman, alone. We do not see that Youngman has any interest in the controversy at all, which this court or the trial court should have protected. The record shows that all of the property in controversy

belonged to the plaintiff, C. A. Grow, except the part described as being in the Warrendale Addition, and that that part did not belong to the plaintiff Youngman, but to one C. P. Olsen. It is true that the complaint discloses that F. W. Youngman had some speculative interest in the controversy on account of having the contract for the sale of adjacent lots, and by having aided in perfecting the title to the land in controversy, but we find no privity or mutuality of contract between him and the defendant board which would entitle him to maintain an action of specific performance or the injunction proceedings before us. 4 Pom. Eq. Jur. § 1341.

High, Inj. § 1109-a.

The judgment of the District Court is affirmed.

Goss, J., being disqualified, did not participate.