## CAWKER v. APPLE ET AL.

REAL-ESTATE BROKERS — COMMISSIONS.— Where defendant placed land with plaintiffs for sale on commission, knowing that a portion thereof belonged to a railroad company, plaintiffs' right to their commissions upon procuring a purchaser ready and willing to pay the agreed price was not defeated by defendant's refusal to deed the land, unless he received pay for the portion owned by the company.

*Appeal from District Court of Arapahoe County.*

ACTION for commissions for the sale of real estate. The complaint alleges the copartnership of appellees, Henry Apple and George A. Hamilton, plaintiffs below, as brokers and real-estate agents, under the firm name of Apple & Hamilton; that, in the year 1887, at the special instance and request of Samuel M. Cawker, defendant, plaintiffs sold certain real estate owned by him; that said sale was made in accordance with instructions given plaintiffs by defendant. A description of the premises is given, and it is alleged that the same contained forty acres, less about three acres, occupied by the Union Pacific Railway Company with its right of way. It is further averred that the price of said land, so sold by plaintiffs as aforesaid, was $5,735, and that the plaintiffs' services for and on account of said sale were and are reasonably worth five per cent. of said sum, or $286.17, of which amount no part had been paid.

The defendant in his answer admits the copartnership and business of plaintiffs, as alleged. All other allegations in the complaint are denied. The case was tried to a jury in the court below, and a verdict returned for the plaintiff in

the sum of $261.25. A motion for a new trial was over-
ruled and judgment for plaintiffs entered upon the verdict.
No question upon the amount of the judgment is presented
upon this appeal, the sole controversy being as to whether
or not any commissions had been earned.

Mr. W. W. COOK, for appellant.

Mr. C. P. BUTLER, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

The evidence in this case shows beyond controversy that
appellant, Samuel M. Cawker, was the owner of a tract of
land near the city of Denver, containing about one hundred
and twenty acres, and that he authorized appellees to sell
the same, or a portion of it, at $155 per acre, less the usual
commissions for making such sale, which were to be re-
tained by appellees. It is also shown that this land was
subdivided into forty-acre tracts, and that appellees pro-
cured a purchaser for one of said subdivisions, at the price
and upon the terms fixed by appellant. It is further shown
that about three acres of said subdivision belonged to the
Union Pacific Railroad Company, leaving only thirty-seven
acres to which appellant could make title. Mr. R. W.
Woodbury, the purchaser procured by appellees, stood
ready and willing to pay for this tract the sum of $5,735.
This being at the rate of $155 per acre, he was acceptable
to the owner. The consummation of the sale was prevented,
however, by appellant's refusing to deed the tract, unless
he received pay also for the land owned by the railroad
company. Appellant knew at the time he placed the land
with appellees for sale that the railroad company owned
and occupied a portion thereof. He could not give the pur-
chaser title to the lands so occupied, and was not entitled to
pay therefor. Under the circumstances, we are satisfied
that his demand is entirely without foundation, and doubt-
less made for the purpose of defeating the sale. Upon the

facts, we think appellees were entitled to the commissions. In the case of *Finerty v. Fritz*, 5 Colo. 174, it is said: "But where an agent has produced a purchaser who is acceptable to the owner, and able and willing to purchase on terms satisfactory to the owner, he has performed his duty, and if, from any failure of the owner to enter into a binding contract, or to enforce a contract against the purchaser, the sale is not completed, the agent may recover his commissions."

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT did not participate in this decision, having tried the case below.