[No. 2152.]

## Ross v. Smiley.

**Principal and Agent—Commission—Contracts—Offer and Acceptance.**

Defendant by oral instructions authorized plaintiff, her agent, to dispose of certain real estate for a certain amount in cash and an exchange of certain real estate belonging to the proposed purchaser, defendant to assume an encumbrance existing on the property to be taken by her in exchange and the purchaser to assume an encumbrance existing on defendant's property, the principal sum of the encumbrance being named in each case. Plaintiff submitted the proposition to the proposed purchaser who accepted by wire, directing that his attorney prepare the contract of sale which would be signed by his agent and that the contract should make the deal subject to perfect titles and interest on encumbrance, rents and insurance in each case to be adjusted to date of contract. Defendant refused to consummate the sale. Held, that defendant's oral proposition implied that if

accepted the agreement should be made effective by being re-
duced to writing; that the term "perfect title" used in the ac-
ceptance was synonymous with marketable title, and that de-
fendant's proposition implied that the titles should be market-
able; that defendant's proposition naming the principal of the
encumbrance in each case implied that each party should pay
the interest on their respective encumbrances up to the date of
the contract, and the law implied that each party was entitled
to collect rent on his or her property and should bear the ex-
pense of insurance, if any, up to the time of the contract of
sale.  That the acceptance of defendant's offer was unqualified,
and the proposed purchaser being ready, willing and able to
comply with the terms of the proposition, defendant was liable
to plaintiff for commission.

*Error to the District Court of Arapahoe County.*

Mr. William L. Dayton and Mr. James C.
Starkweather, for plaintiff in error.

Messrs. Benedict & Phelps, for defendant in
error.

Gunter, J.

This was an action by a real estate agent to re-
cover commissions.  At the close of plaintiff's case
the court ruled, "I will grant the motion for a non-
suit on the ground of failure to show an acceptance
of the offer by the purchaser, * * *."  To review
the ruling is this proceeding.  The facts were:  De-
fendant owned the Smiley Block in the city of Denver,
upon which was an encumbrance in the principal sum
of $30,000.00.   Charles W. Fulton, residing in Scran-
ton, Pennsylvania, knew the property, of the en-
cumbrance thereon, and that plaintiff was defend-
ant's agent for its sale.  Fulton owned real estate
in the city of Boulder, consisting of a terrace, unen-
cumbered, and property known as the "Sig" house,
encumbered to the extent of $2,500.  With this pro-
perty of Fulton, and the encumbrance thereon, de-
fendant was acquainted.  George L. Hodges was the
attorney for plaintiff in the city of Denver.  While
the parties were thus situated, and thus informed, de-

fendant anthorized plaintiff to dispose of the Smiley Block for $40,000.00 in cash, the assumption of the encumbrance of $30,000.00 and the conveyance to her of the above terrace property unencumbered, and the "Sig" house subject to an encumbrance of $2,500.00, agreeing to pay him in case such trade was effected the usual and customary commissions of a real estate agent in like case. Plaintiff telephoned this proposition to the agent of Fulton, Richard T. Fulton, at Boulder. The latter on receiving the message telegraphed Fulton at Scranton.

"Smiley will accept cash forty thousand, assume thirty thousand, terrace and equity Sig house, leaves out all lots, may possibly work small second trust but fear not, good bargain, would urge deal, writing particulars."

In reply Charles W. Fulton telegraphed plaintiff:

"Have Hodges make contract, Richard will sign for me as agent, have it read deal subject to perfect titles, and interest on encumbrance, insurance and rents in each case to be adjusted to date of contract."

On receipt of this message plaintiff informed Mrs. Smiley that her proposition had been accepted, and requested that it be embodied in a written contract. Without questioning the acceptance or offering any reason for refusal she declined to do this, and refused to consummate the sale.

Charles W. Fulton, by deposition, testified to his having accepted defendant's proposition, and that he was at the time of such acceptance, and for some time thereafter, ready, willing and able to carry out the terms of defendant's proposition. It was contended below, and is here, that the telegram was not an unqualified acceptance of the proposition of defendant. We think it was. The defendant had not authorized plaintiff in writing to make the proposition conveyed by him to Fulton, a mere acceptance, therefore, would not constitute a binding contract between

her and Fulton, to make it so the agreement reached through the proposition and its acceptance should be reduced to writing. The proposition of defendant implied that if it were accepted the agreement so reached should be made effective as between her and Fulton by being put in binding form as a written contract.

"Have Hodges make contract, Richard will sign for me as agent," was in effect to say "I accept the proposition, reduce the agreement we have reached to writing, Richard will sign for me as agent," which amounted to nothing more than the unqualified acceptance of the proposition of the defendant which impliedly contained the offer to reduce the agreement to writing in the event it should be accepted. "Have it (the contract) read subject to perfect title." A perfect title in this connection is synonymous with a marketable title.—*Birge v. Bock,* 44 Mo. App. 69, 77; *Smith v. Robertson,* 23 Ala. 312, 319.

It was implied in the proposition to sell that defendant would give a marketable title.—*Taylor v. Williams,* 2 Colo. App. 559, 562, 31 Pac. 504; *Godding v. Decker,* 3 Colo. App. 198, 203, 32 Pac. 832.

Requiring "subject to perfect title" to be provided in the contract of sale was requiring to be expressly stated nothing more than defendant had impliedly agreed to state in the contract of sale in the event of her proposition to sell should be accepted. "And interest on encumbrance, insurance and rents in each case to be adjusted to the date of the contract." According to the proposition and its acceptance Fulton was to assume the principal of the encumbrance of $30,000.00, and defendant was to assume the principal of the encumbrance of $2,500.00. The law is, that to the date of the contract of sale the vendor is the owner, and thereafter the vendee is the owner of the property.—1 Warvelle on Vendors, 1st

ed. 195, 205-6-7; *Christian v. Cabell*, 22 Gratt. 83; *Skinner v. Houghton*, 92 Md. 68; *Dunn v. Yakish*, 10 Okl. 388.

It was, therefore, implied in defendant's proposition that the interest on the encumbrance of $30,000.-00 must be paid by defendant up to the contract of sale, and that the interest on the encumbrance of $2,-500 must be paid by Fulton up to the same date, this being the date when the ownership of the real estate involved changed. This being true, the interest upon the respective loans should have been adjusted to the date of such contract. The law implied that Fulton would be entitled to the rents on the property contracted to be sold by him up to the contract of sale, and Mrs. Smiley would be entitled to the same thereafter.—1 Warvelle on Vendors, 194-5; Maupin on Marketable Title to Real Estate, 766.

The same rule was applicable to the property contracted to be sold by the defendant; the implication would require an adjustment of the rents to the date of the contract of sale. If the property involved were insured, the respective owners should bear the expense of insurance to the date they ceased to be owners thereof, that is, to the date of the contract of sale, therefore the insurance should be adjusted to such time. The provision of the telegram, that insurance and rents should be adjusted to the date of the contract amounted to nothing more than expressly stating what defendant had impliedly offered to do by her proposition to sell. The message from Fulton to plaintiff, expressed nothing other than implied in the proposition of sale, it was an unqualified acceptance thereof. The purchaser was able to carry out the terms of the contract so made. The agent—plaintiff —had, therefore, procured a purchaser ready and willing to enter into a binding contract to take defendant's property upon her terms, and able to fulfill

them. This being true, the agent had made out a case against his principal for the commissions claimed.— *Buckingham v. Harris,* 10 Colo. 455, 15 Pac. 817; *Finnerty v. Fritz,* 5 Colo. 179; *Cawker v. Apple,* 15 Colo. 141, 25 Pac. 181; *Owl Canon Gypsum Co. v. Ferguson,* 2 Colo. App. 219, 30 Pac. 255.

Judgment should be reversed.

*Reversed.*