Gunter, J.
This was an action hy a real estate agent to recover commissions. At the close of plaintiff’s case the court ruled, “I will grant the motion for a non-suit on the ground of failure to show an acceptance of the offer hy the purchaser, * * To review the ruling is this proceeding. The facts were: Defendant owned the Smiley Block in the city of Denver, upon which was an encumbrance in the principal sum of $30,000.00. Charles W. Pulton, residing in Scranton, Pennsylvania, knew the property, of the encumbrance thereon, and that plaintiff was defendant’s agent for its sale. Pulton owned real estate in the city of Boulder, consisting of a terrace, unencumbered, and property known as the “Sig” house, encumbered to the extent of $2,500. With this property of Pulton, and the encumbrance thereon, defendant was acquainted. George L. Hodges was the attorney for plaintiff in the city of Denver. While the parties were thus situated, and thus informed, de *206 fendant authorized plaintiff to dispose of the Smiley Block for $40,000.00 in cash, the assumption of the encumbrance of $30,000.00 and the conveyance to her of the above terrace property unencumbered, and the “Sig” house subject to an encumbrance of $2,500.00, agreeing to pay him in case such trade was effected the usual and customary commissions of a real estate agent in like case. Plaintiff telephoned this proposition to the agent of Pulton, Bichard T. Pulton, at Boulder. The latter on receiving the message telegraphed Pulton at Scranton.
‘ ‘ Smiley will accept cash forty thousand, assume thirty thousand, terrace and equity Sig house, leaves out all lots, may possibly work small second trust but fear not, good bargain, would urge deal, writing particulars. ’ ’
In reply Charles W. Pulton telegraphed plaintiff :
“Have Hodges make contract, Bichard will sign for me as agent, have it read deal subject to perfect titles, and interest on encumbrance, insurance and rents in each case to be adjusted to date of contract. ’ ’
On receipt of this message plaintiff informed Mrs. Smiley that her proposition had been accepted, and requested that it be embodied in a. written contract. Without questioning the acceptance or offering any reason for refusal she declined to do this, and refused to consummate the sale.
Charles W. Pulton, by deposition, testified to his having accepted defendant’s proposition, and that he was at the time of such acceptance, and for some time thereafter, ready, willing and able to carry out the terms of defendant’s proposition. It was contended below, and is here, that, the telegram was not an unqualified acceptance of the proposition of defendant. We think it was. The defendant had not authorized plaintiff in writing to make the proposition conveyed by him to Pulton, a mere acceptance, therefore, would not constitute a binding contract between *207 lier and Fulton, to make it so the agreement reached through the proposition and its acceptance should be reduced to writing. The proposition of defendant implied that if it were accepted the agreement so reached should be made effective as between her and Fulton by being put in binding form as a written contract.
“Have Hodges make contract, Richard will sign for me as agent,” was in effect to say “I accept the proposition, reduce the agreement we have reached to writing, Richard will sign for me as agent, ’ ’ which amounted to nothing more than the. unqualified acceptance of the proposition of the defendant which impliedly contained the offer to reduce the agreement to writing in the event it should be accepted. “Have it (the contract) read subject to perfect title.” A perfect title in this connection is synonymous with a marketable title. — Birge v. Bock, 44 Mo. App. 69, 77; Smith v. Robertson, 23 Ala. 312, 319.
It was implied in the proposition to sell that defendant would give a marketable title. — Taylor v. Williams, 2 Colo. App. 559, 562, 31 Pac. 504; Godding v. Decker, 3 Colo. App. 198, 203, 32 Pac. 832.
Requiring “subject to perfect title” to be provided in the contract of sale was requiring to be expressly stated nothing more than defendant had impliedly agreed to state in the contract of sale in the event of her proposition to sell should be accepted. “And interest on encumbrance, insurance and rents in each case to be adjusted to the date of the contract. ’ ’ According to the proposition and its acceptance Fulton was to assume the principal of the encumbrance of $30,000.00, and defendant was to assume the principal of the encumbrance of $2,500.00. The law is, that to the ¿ate of the contract of sale the vendor is the owner, and thereafter the vendee is the owner of the property. — 1 Warvelle on Vendors, 1st *208 ed. 195, 205-6-7; Christian v. Cabell, 22 Gratt. 83 ; Skinner v. Houghton, 92 Md. 68; Dunn v. Yakish, 10 Old. 388.
It was, therefore, implied in defendant’s proposition that the interest on the encumbrance of $30,000.-00 must be paid by defendant up to the contract of sale, and that the interest on the encumbrance of $2,-500 must be paid by Fulton up to the same date, this being the date when the ownership of the real estate involved changed. This being true, the interest upon the respective loans should have been adjusted to the date of such contract. The law implied that Fulton would be entitled to the rents on the property contracted to be sold by him up to the contract of sale, and Mrs. Smiley would be entitled to the same thereafter. — 1 Warvelle on Vendors, 194-5; Maupin on Marketable Title to Eeal Estate, 766.
The same rule was applicable to the property contracted to be sold by the defendant; the implication would require an adjustment of the rents to the date of the contract of sale. If the property involved were insured, the respective owners should bear the expense of insurance to the date they ceased to be owners thereof, that is, to the date of the contract of sale, therefore the insurance should be adjusted to such time. The provision of the telegram, that insurance and rents should be adjusted to the date of the contract amounted to nothing more than expressly stating what defendant had impliedly offered to do by her proposition to sell. The message from Fulton to plaintiff, expressed nothing other than implied in the proposition of sale, it was an unqualified acceptance thereof. The purchaser was able to carry out the terms of the contract so made. The agent — plaintiff —had, therefore, procured a purchaser ready and willing to enter into a binding contract to take defendant’s property upon her terms, and able to fulfill- *209 them. This being true, the agent bad made out a case against bis principal for tbe commissions claimed.— Buckingham v. Harris, 10 Colo. 455, 15 Pac. 817; Finnerty v. Frits, 5 Colo. 179; Cawker v. Apple, 15 Colo. 141, 25 Pac. 181; Owl Canon Gypsum Co. v. Ferguson, 2 Colo. App. 219, 30 Pac. 255.
Judgment should be reversed.

Reversed.