[No. 2348.]

FRANK v. BONNEVIE.

1. **Principal and Agent—Commission—Contracts—Sales.**

Where an owner contracted with an agent to pay him ten per cent. of the purchase price if the agent should produce or introduce a customer to whom certain property should be sold

on terms satisfactory to the owner, the commission to be paid
at the date of the payment of the purchase price, or in install-
ments according to payment by the purchaser, and a purchaser
was introduced to whom a sale was made, and, as part of the pur-
chase price, the purchaser paid off certain liens on the property
held by other parties, the agent's commission was not dependent
on the payment of the entire purchase price, nor limited to pay-
ments made to the seller, or for his interest, but he was entitled
to recover from the seller ten per cent. of the amount paid other
parties in settlement of liens on the property as soon as such
payments were made, although the seller had not received any
part of the purchase price.

2.  Receivers—Certificates—Liens.

Obligations secured by receiver's certificates are liens upon
the property in the hands of the receiver.

*Appeal from the District Court of Arapahoe County.*

Messrs. CARPENTER & MCBIRD, for appellant.

Mr. WM. W. DINGMAN and Mr. RICHARD MC-
KNIGHT, for appellee.

MAXWELL, J.

This was an action by appellee against appellant
upon a written contract dated April 1, 1898, pertinent
parts of which are:

Frank, being the principal owner of a cyanide
mill or plant, is desirous of disposing of the same.
Bonnevie is willing to assist in the disposition there-
of.  Therefore, "in case said Bonnevie should pro-
duce or introduce a customer for said cyanide plant,
to whom the same shall be disposed of on terms satis-
factory" to Frank, Frank agrees to pay Bonnevie
a commission of ten per cent. of the purchase price,
cash or stock, "said commission to be paid said Bon-
nevie at the date of the payment of the purchase price
or in installments, according to payment by such
purchaser."

Trial to the court, judgment for plaintiff for
$1,500.00.

There is no substantial conflict in the testimony, by which, and the pleadings, the following facts are established:

The United States Economic Reduction Company built a chlorination mill at Florence, Colorado, upon land the title to which stood in the name of David H. Moffat, trustee, under a contract to build a mill which would treat successfully 100 tons of ore per day. This contract not having been complied with, the property of the United States company passed into the hands of a receiver. The receiver leased the property to The American Reduction Company, in which latter named company Frank was a large stockholder, he and his friends owning a majority of the stock. The American company changed the plant to a cyanide plant. At the date when the commission contract above referred to was made, the American company having become embarrassed, had closed down operations at the mill, owing $10,-000.00 to the First National Bank of Denver, and $5,000.00 or $6,000.00 to The F. M. Davis Iron Works Company, which amounts were liens upon the property. April 13, 1898, Frank wrote Bonnevie a letter giving details with reference to the property. Bonnevie showed this letter to Frambach, who seems to have been looking for a mill, and at Frambach's request Bonnevie arranged an interview between Frank and Frambach which took place April 15, 1898, at Frambach's office, Bonnevie not being present. Subsequently Bonnevie had several interviews with Frambach regarding the matter. July 23 Frambach made a written contract with Frank by which Frambach, acting for himself or as agent for The Cripple Creek Beam Milling Company, agreed that, in the event that he purchased the mill at the receiver's sale, he would pay the obligations of The American Reduction Company to the First National Bank

of Denver and The F. M. Davis Iron Works Company, amounting to about $15,000.00 or $16,000.00, and would pay Frank for his interest in said mill and machinery $10,000.00 and 100,000 shares of the capital stock of The Cripple Creek Beam Milling Company. Frambach purchased the property at the receiver's sale July 26. Subsequently, either he or The Cripple Creek Beam Milling Company paid to the First National Bank of Denver and The F. M. Davis Iron Works Company $15,000.00 in settlement of the obligations of The American Reduction Company above referred to.

It is contended by appellant that no recovery can be had, for the reasons, that the property in which appellant was interested, viz., the right and title to the machinery of The American Reduction Company, has not been paid for; that appellant has not received one dollar of the amount which has been paid, and, therefore, he is not liable under the terms of the commission contract.

The commission contract does not limit appellant's liability to the payment of the commission on the purchase price of the machinery of The American Reduction Company, or to the moneys paid to appellant. Its terms are:

"That in case said Bonnevie should produce or introduce a customer for such cyanide plant to whom the same should be disposed of on terms satisfactory to said party of the first part (Frank), the said party of the first part hereby agrees to pay or cause to be paid to said Bonnevie a commission of 10 per cent. of the purchase price, if paid in cash, or such part thereof as may be paid in cash, and any remainder in shares at the rate of ten (10) per cent. of the capital stock in any new company formed, the said commission to be paid said Bonnevie at the date of the pay-

ment of the purchase price, or in installments accord-
ing to payment by said purchaser."

It is apparent that the subject-matter of the con-
tract is the cyanide plant; that the agent was to pro-
duce or introduce a customer to whom said plant
should be disposed of, on terms satisfactory to appel-
lant; that thereupon the agent should be entitled to
a commission of ten per cent. of the purchase price,
payable in installments as the purchase price was
paid.

The agent introduced the customer, with whom
a satisfactory contract was made; the purchaser has
paid $15,000.00 of the purchase price, and under the
terms of the contract, the stipulated commission on
that installment of the purchase price is due.

Payment of the commission was not dependent
upon the payment, by the purchaser, of the entire
purchase price, but upon the payment of any install-
ment.

Under the authorities, the agent has made out
a case against the principal, which would entitle him
to recover.—*Ross v. Smiley,* 18 Colo. App. 204, and
cases cited.

The case under consideration is unlike the cases
cited by appellant, which hold that the agent is not
entitled to a commission where he produces a pur-
chaser who is only willing to make an option contract,
and forfeits a small sum paid upon the execution of
the contract, rather than accept the property; or
where the agent's commission is dependent upon his
producing a customer, at a definite price and upon
definite terms; or where the commission is dependent
upon a completed sale, payment of the entire pur-
chase price, and transfer of the property.

It is said that the sale was not made by reason
of the introduction of Frambach to appellant.

The trial court found that the sale was consum-

mated by appellee's efforts. We cannot say that such finding was not supported by the evidence.

The judgment will be affirmed.

*Affirmed.*

### On Petition for Rehearing.

*Per Curiam.*—It is said, in the petition for rehearing, that the following statement in the original opinion is erroneous, viz:

"The American company having become embarrassed, had closed down operations at the mill, owing $10,000.00 to the First National Bank of Denver, and $5,000.00 or $6,000.00 to The F. M. Davis Iron Works Company, *which amounts were liens upon the property.*"

The testimony of Mr. Frank is:

"I think the obligation in the National Bank was a note, and the obligation of the F. M. Davis Works was an open account, *secured by receiver's certificates of The United States Economic Reduction Company.*"

If secured by receiver's certificates, these obligations were liens upon the property.

The above testimony is undisputed.

The commission contract, upon which this action is based, did not limit the agent's right to a commission upon the sale of Frank's interest in the cyanide plant, or the payment of any portion of the purchase price to *Frank,* but stipulated for the payment of a commission, upon the production or introduction of a customer who should purchase such cyanide plant on terms satisfactory to Frank.

The agent produced a customer, to whom the sale was made; a portion of the purchase price of the cyanide plant has been paid; the agent is entitled to the agreed commission.

If it was Frank's intention to limit his liability

to the payment of a commission upon the purchase price of *his interest* in the cyanide plant, and upon such portion of the purchase price as was paid *him*, he should have done so in his contract. The contract does not so read.

All testimony contradictory of the contract was irrelevant and immaterial, and was properly disregarded by the court in its findings.

The petition for rehearing is denied.

*Denied.*