### ST. LOUIS UNION TRUST CO. v. ST. LOUIS & S. F. RY. CO. et al.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912. Rehearing Denied April 11, 1912.)

1. RECEIVERS (§ 155\*) — DISTRIBUTION OF FUND—PROCEDURE.

On a hearing preparatory to a final' order of distribution of a fund in the hands of a receiver on the sale of a railroad under foreclosure, the court passed on and audited separately claims of certain creditors incurred by the receiver in operating the road and continued the hearing until a later date, when it passed on and audited other claims of the same character. *Held,* that the court had power to hear and determine the claims separately at any time before final distribution of the fund, and in such order as would expedite the business of the court, and that those creditors whose claims were not audited until the later date did not thereby lose their right of preference over creditors holding inferior rights to share in the fund.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 283–292; Dec. Dig. § 155.\*]

2. RECEIVERS (§ 155\*) — OPERATION BY RECEIVER—VALIDITY OF CLAIMS.

On the distribution of a fund on the sale of a railroad under foreclosure, the fact that the attorney for certain creditors having claims incurred by the receiver in operating the road had previously acted as receiver and as attorney for the receiver, and that some of such claims were incurred while he was so acting, does not affect their validity.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 283–292; Dec. Dig. § 155.\*]

3. LIMITATION OF ACTIONS (§ 133\*)—CLAIMS AGAINST RECEIVER—EFFECT OF ALLOWANCE —"COMMENCEMENT OF ACTION."

A receiver operating a railroad during the pendency of a foreclosure suit under an order expressly providing that the operating expenses should be paid out of the proceeds of the sale, if the income was insufficient for that purpose, audited and vouched claims incurred by him, and they were approved for payment by the master in chancery. The income not having produced a sufficient fund, they were not paid for several years, and until a motion was made for their payment from the distribution of the proceeds of the sale. *Held,* that the claimants were not barred by the statute of limitations, the allowance and approval preventing its running, and the motion of the creditors not constituting the "commencement of an action" within the meaning of the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 569; Dec. Dig. § 133.\*

For other definitions, see Words and Phrases, vol. 2, pp. 1281–1286.]

4. APPEAL AND ERROR (§ 679\*) — REVIEW — RECORD—SUFFICIENCY.

The ruling of the court on an exception to a party's petition on the ground that it did not show the approval of a receiver's contract by the court cannot be reviewed, where the record on appeal does not show any allegation of the contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2878–2879; Dec. Dig. § 679.\*]

5. RECEIVERS (§ 163\*)—FORECLOSURE—DISTRIBUTION—INTEREST.

Where the general order for distribution of the proceeds of a sale of a railroad under foreclosure does not provide for any allowance of interest and the fund is insufficient to pay all creditors, the allowance of interest to certain creditors holding preferred claims from the date of the order directing their payment is improper.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 312–316; Dec. Dig. § 163.\*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Consolidated actions by the United States & Mexican Trust Company, later the Orient Trust Company, and by R. L. Jennings and by W. A. Chatterton against the Texas Southern Railway Company for the foreclosure of a mortgage, and for a receiver. From a judgment determining the amounts of the claims of the St. Louis & San Francisco Railway Company and others against the proceeds of a sale of the property, the St. Louis Union Trust Company, holding receiver's certificates, appeals. Reformed and affirmed.

See, also, 126 S. W. 296.

The Texas Southern Railway properties were by an order of the district court placed in the hands of a receiver on application of mortgage creditors. Later there was a decree of foreclosure and sale, and the railway properties were bought in by the highest bidder therefor. The sale was confirmed by the court. This amount of money realized from the sale was to be thereafter distributed by the court among a number of creditors present, and asking for orders for payment and distribution to their demands as their priorities might entitle them to participate therein. The 20 railway companies, appellees here, were among the number. Their respective claims were contracted and created by the receiver as such in his necessary operation of the railway, and are for car rentals, car repairs, damage to cars, and loss of car equipment, cars destroyed by fire, and traffic balances. The trial court classified and directed their payment as operating expenses of the receiver. The appellant trust company is the holder of receiver's certificates issued by the receiver under authority of the court, and is contesting the payment of respective claims of the appellees. On the former appeal as between these same parties here (126 S. W. 308), the judgment of the court in so far as it classified and directed the payment of these appellees' claims as necessary operating expenses of the receiver was sustained, and in so far as it directed payment on an equality basis with the receiver's certificates held by appellant, was reformed as to direct payment of appellees'

---

claims in priority of appellant's certificates, but in so far only as it determined the amounts of the appellees' claims was reversed and remanded, with instructions to determine the amounts found to be due. After the reversal the court adjudicated the amounts of the demands of the respective appellees, and the present appeal is from that order. It was finally determined on a former appeal by appellant that the receiver's certificates held by it were properly classified and payable next after the operating expenses of the receiver, and not on equality basis with the operating expenses. Union Trust Co. v. Texas Southern Ry. Co., 126 S. W. 296, writ of error denied.

M. B. Templeton, of Dallas, and C. E. Carter, of Marshall, for appellant. S. P. Jones and J. H. T. Bibb, both of Marshall, for appellees.

LEVY, J. (after stating the facts as above). [1] It appears there were a number of creditors having demands of different character present before the court at the May term, among whom were the appellees, asking orders for payment out of the fund in court to be thereafter finally distributed by the court among the creditors. The court audited and passed for payment a number of the claims on May 29, 1911, and continued the appellees' hearing until June 17th. On June 17, 1911, the court allowed and passed for participation in the fund the demands of these appellees.

By the first assignment, appellant contends (1) that it was not permissible to hear and determine the creditors' interventions separately and apart, and in different judgments in respect to the distribution of the fund, and (2) that appellees by not proceeding to have an adjudication of their claims made May 29, 1911, waived and abandoned whatever rights they may have had, and cannot now be heard in their demand upon the fund. All the claims adjudicated by the court on both dates were, it appears, entitled to participation in the fund to be distributed, as operating expenses of the receiver, and were placed by the court in equal standing with each other, but in priority of payment to the certificates of appellant in the final distribution of the fund. This auditing and classification was preparatory to a final order of distribution of the fund in court. Each claim, it is not denied, was the subject-matter of separate investigation and auditing. It is not contended that all the creditors were not before the court for auditing and classification at the time. The court had the power to hear and audit the claims in such order as would expedite the business of the court. Each claim being the proper subject-matter of separate hearing, the court properly could audit same separately. And the court had the power to hear and determine such claims at any time before final order of distribution

of the fund, as was done here. The assignment is overruled.

[2] The second assignment is overruled. Mr. Jones at the time of accepting employment as attorney to have the claims allowed and classified had, it appears, no connection with the receivership or the railway company. The mere fact relied on to disqualify him from appearing as counsel for appellees to have the claims allowed and paid is that some of the claims accrued during his administration as receiver, or after his resignation as receiver and while he was acting as attorney for the receiver.

[3] The third, fourth, and fifth assignments are to the point that the statute of limitation had barred the demands of appellees, and for that reason it was error to allow and pass such demands for payment out of the fund to be distributed to creditors. The respective claims, it appears, were all incurred by the receiver as his necessary operating expenses. Upon the accrual of the indebtedness, the receiver, according to the record, audited and vouched the same in favor of these respective appellees. A number of these vouchers, it appears, were passed by the receiver to the master in chancery, who officially marked on each "Approved for payment." The receiver then took the vouchers, both those passed on by the master and those issued by him, and retained possession of the same for the purpose and until a sufficient fund should arise from the operation of the road to pay same. There did not arise a sufficient fund from operation to pay same. After the sale of the railway properties by order of the court in 1908, the court made an order requiring the receiver to make report to the court of his indebtedness as receiver, with the view of paying off creditors from the fund of sale. The receiver complied with the order. These appellees' claims are on the receiver's report as a part of the same. The receiver had authority to contract such debts for necessary operation of the road. The receiver having the authority to contract debts for operating expenses, and the authority to audit and vouch and pay such character of indebtedness out of the operating income, his allowance and approval would so far conserve the rights of such creditors to payment in the due course of the receivership proceedings as to interrupt any running of the statute of limitation against the claims from the time of his allowance and vouching same as a correct and just debt of the receivership to the time the court might direct the payment. The due course of the administration of the properties required the delay in payment it plainly appears. The operating expenses of the receiver are in the nature of court costs, and the court here had expressly provided that the same should be paid in preference to all claims out of the sale of the properties failing the sufficiency of income of operation to pay same. The intervention, as termed, of the appellees, was

in force and effect merely a motion to have their claims, which had been allowed and vouched by the receiver, paid, and not a commencement of a cause of action within the meaning of the statute. The assignments are overruled.

[4] The sixth assignment complains that the court erred in overruling appellant's special exception to the petition of appellees to the effect that there was no allegation that the court had authorized the alleged contract of the receiver with the American Railway Association. That there was such a contract alleged is not pointed out in the brief. Referring to the respective amended pleadings of appellees in the record, we fail to find therein any allegation by appellees of or pertaining to any contract of the receiver with such railway association.

[5] The seventh, eighth, and eleventh assignments predicate error upon permitting appellees to introduce in evidence receiver Taylor's report to the court of his indebtedness incurred in operation of the road, and the vouchers issued by the receiver of appellees' demands. The objections to the report as evidence were that it had been excepted to, and that it was ex parte and hearsay. The receiver's report was filed in the court by the receiver in compliance with an order of the court. The report consisted of a tabulated statement showing the name of the claimant, for what owing, and the amount. The exceptions filed to the report were general, and did not point out in what particulars the report was incorrect, or what items were incorrect. The court in his approval of the bill of exception as to the receiver's report explains that the report was introduced for the purpose merely of showing that the receiver had reported to the court an indebtedness as to each of the appellees, and was not offered in evidence to prove the items of any part of the account of the respective appellees, except one item in the account each of the Chicago & Great Western Railway Company, the Baltimore & Ohio Railway Company, and the Chicago, Indiana & Southern Railway Company. In view of the explanation by the court, no injury could be said to have resulted to appellant. And further it was shown that the books and papers of the receiver had been lost or destroyed, and that the report had been made up from the books on the court's order. The report of the receiver to the court that the claims were just demands against him might be considered by the court as a circumstance showing that the claims were not fraudulently made or claimed by the receiver as unjust demands, in view of the contest by appellant that they were unjust as well as not reasonable. It could not be said that injury resulted to appellant in offering same as to the three items mentioned by the court,

for there is other evidence in respect thereto sufficiently establishing that such demands were properly allowed that would support the court's finding as to same. This also could be said as to all the demands. The vouchers offered in evidence were issued by the receiver in payment of the accounts of these appellees after they had been audited by him and pronounced by him as correct. Even though such vouchers were not conclusive proof of the correctness of the amount, as against appellant's contest here, it was nevertheless proper for the court to consider the same as being the receiver's acknowledgment that the appellees' demands were just and proper demands against him as receiver, and give such weight thereto as he thought in all the facts before him it warranted.

The ninth and tenth assignments refer to objections to testimony that relates only to the appeal of the St. Louis & San Francisco Railway Company and are not considered, for the appellant has dismissed its appeal as to that appellee.

There is nothing in the record as to the matter complained of in the twelfth assignment, and it is overruled.

The thirteenth assignment complains that the finding of the court that appellees were entitled to recover fifty cents per day as car rentals is not supported by the evidence, and is excessive. There is sufficient evidence to support the findings of the court, and we would not be warranted in saying from the evidence that the amount is excessive. The assignment is overruled.

The fourteenth assignment presents the point that the receiver's certificates held by appellant are payable in priority to operating expenses of the receiver. This question was before this court on a former appeal, and these same parties were the appellees in the appeal there. The former opinion determined the question against appellant. 126 S. W. 296.

[6] The sixteenth assignment complains of the allowance of legal interest on the claims from the date of the order directing payment, because the claims were open accounts. The only fund to pay creditors was the fund from the sale; and it being admittedly insufficient to pay all creditors, and the general order of distribution of the fund to creditors of November 9, 1908, not allowing interest to all creditors from that date, these particular creditors were not entitled to have interest allowed on their claims. Atlanta Bank v. Four States Grocery Co., 135 S. W. 1135; Gaston & Ayers v. Campbell & Co., 141 S. W. 515.

The judgment is so reformed as to disallow interest from the date of the order, and, as reformed, is affirmed, appellees to pay cost of appeal.

Reformed and affirmed.