### SHAW, Banking Com'r, v. MORRISON. (No. 550.)

Court of Civil Appeals of Texas. Eastland. March 15, 1929.

L. C. Sutton and John W. Goodwin, both of Austin, for appellant.

Butts & Wright, of Cisco, for appellee.

LESLIE, J. This suit was instituted by appellee, J. B. Morrison, against James Shaw, banking commissioner, appellant, as such commissioner and "liquidating agent" of the Commercial State Bank of Cisco, Tex. The appellee sued to recover $500 which he had paid to the appellant under a contract to purchase certain real estate, having made such payment as a part of the purchase price and to guarantee that he would carry out his part of the contract, and alleging that the banking commissioner had not furnished an abstract showing merchantable title in compliance with the terms of the contract. The commissioner answered by general demurrer, general denial, and specially contended that he had furnished an abstract showing "good and merchantable title," and was therefore, under the terms of the agreement, entitled to retain the $500. A trial before the court resulted in a judgment in favor of appellee, plaintiff below, for the $500, with 6 per cent. interest from January 1, 1928, and further decreeing the judgment a preferential claim against the banking commissioner as to the assets which came into his hands as receiver of said bank, and ordering defendant to pay the judgment first from such assets. From this judgment the defendant below has appealed.

Propositions 1, 2, and 3 complain of the court's having overruled the defendant's demurrers to the plaintiff's petition upon the ground that the petition showed the plaintiff refused to carry out the contract, and further failed to allege that such refusal was based upon a defect in title which could not be cured in a reasonable time. The petition is not believed subject to the demurrers urged. These propositions are overruled. The questions sought to be raised by them will be considered on their merits under propositions 4, 5, and 6, which will now be considered together.

By the contract between the commissioner and Morrison the former contracted to convey to the latter a tract of land situated in Eastland county, Tex.; said contract being, in part, as follows:

"Being seventy (70) acres of land off of the East end of a One Hundred (100) acre tract, being the North side of the North West one-fourth (NW¼) of Section No. 67, in Block No. 3 of the H. & T. C. Ry. Co. lands in Eastland County, Texas, save and except the following lots located in the South Side Addition, which addition is located in part of said seventy (70) acres, to-wit: Lots 4 and 13 in Block 1, 9 and 10 in Block 2, Lot 1 in Block 6, Lot 5 in Block 8 of said addition. Being the same land conveyed to the Commercial State Bank, Cisco, Texas, by Sheriff's deed of date July 10th, 1925, and being commonly known as the Grover Ellis 70 acres.

"The party of the second part agrees to pay Thirty-five ($35.00) dollars per acre, Twenty Four Hundred and Fifty Dollars ($2450.00), Five Hundred ($500.00) cash in hand, the receipt of which is hereby acknowledged and Nineteen Hundred Fifty Dollars ($1,950.00) when this deal is consummated.

"Party of the first part agrees to furnish party of the second a merchantable abstract brought down to date. * * *.

"If party of the second part refuses to carry out this contract for any other reason than a fatal defect in the title which cannot be cured in a reasonable time, the above Five Hundred Dollars ($500.00) shall be retained by the party of the first part as liquidated damages."

Abstracts and supplemental abstracts were furnished in due time, and Morrison's attorneys examined each, and the conclusion of the whole matter resulted in Morrison's rejection of the title tendered upon the sole ground that the abstract disclosed 50 acres of the entire tract had been platted into town lots with the usual streets and alleys, impressed with an easement in favor of the public, and constituting an incumbrance. This presents the controlling question arising upon the merits of the controversy.

The appellant's contention is that the description of the land in the contract of sale put the purchaser, Morrison, on notice that the land was located in a city cut up in lots and blocks and streets and alleys, and that under the terms of the contract Morrison necessarily purchased the land subject to the streets and alleys. Appellant, in his brief, states that no decisions in this state passing upon this particular question have been discovered by him, but that the following cases appear to recognize the rule that an express warranty will not be applied to cover an open or known defect as to land with reference to which parties have contracted, citing Doyle v. Hord, 67 Tex. 621, 4 S. W. 241; Mayer v. Wooten, 46 Tex. Civ. App. 327, 102 S. W. 423.

The contention is that the purchaser of land takes it subject to an easement of an existing public highway and is not protected by even a warranty against incumbrances; that a street or alley is a public highway.

Our attention is particularly directed to the case of Sandum v. Johnson, 122 Minn. 368, 142 N. W. 878, 48 L. R. A. (N. S.) 619, Ann. Cas. 1914D, 1007, in which it was held that a highway across land conveyed by warranty deed of the form in common use does not constitute a breach of the covenants usually contained in such deeds. In that opinion, it is pointed out: "Incumbrances are of two kinds, viz.: (1) Such as affect the title; and (2) those which affect only the physical condition of the property. A mortgage or other lien is a fair illustration of the former; a public road, or right of way, of the latter."

That opinion is to the effect that a servitude imposed upon land, which is visible to the eye but which affects not the title but the physical condition of the property, does not constitute a breach of covenant. Courts of different jurisdictions have taken different views upon the question suggested by the appellant. Such views were set forth and carefully considered in Sandum v. Johnson, supra. Numerous authorities are there cited, stating the holdings in the different states; but we do not believe that authority controlling in the instant case. It may be said here, as in Doyle v. Hord, supra, there is nothing in this case to give application to the rule, if there be such a rule, that an express warranty will not be applied to cover an open or known defect of certain kinds with reference to which parties have contracted. The instant case differs in its facts from those in the line of authorities cited by the appellant. At the time Morrison rejected the appellant's title, the contract between them was executory and not an executed one. The principles involved in a suit for specific performance are more applicable to the situation presented here.

As said in Evans v. Taylor, 177 Pa. 286, 35 A. 635, 69 L. R. A. 790: "While an existing street upon a lot, or the mere liability to have a street opened upon it, is matter of which a purchaser is bound to take notice, and therefore, on that account, cannot defend against an action for the purchase money after the deed has been accepted, the case is very different when no deed has been accepted, no mortgage or other lien for the purchase money has been given by the purchaser, no possession has been taken, nor any other act done by the purchaser in affirmance of the contract. And when, in addition to all this, a large loss of the actual consideration of the contract may, and probably will, be suffered by the enforcement of the contract against the will of the purchaser, surely an express provision against the possibility of such loss, embodied in the written terms of the contract, will not be violated or disregarded by the courts, when they are asked to enforce it as an executory contract only."

In the instant case Morrison, under the terms of the contract as we construe it,

agreed to purchase 70 acres of land upon an *acreage basis*, paying therefor $35 per acre. Six lots evidenced by the plat of said addition were specifically excluded from the subject-matter of this contract. In passing it may be observed that this particular exclusion but naturally confirms Morrison's contention that the other portions of said 70 acres, *including the streets and alleys*, constituted the subject-matter and real consideration passing from the commissioner to Morrison for his money. This is but the application of a well-known rule of construction of contracts. However, under our construction of the contract it is important to observe that said streets and alleys embraced approximately 17 acres of the 70 acres sought to be conveyed. The abstract revealed nothing that indicated that the dedication under said plat had ever been revoked, canceled, or set aside, or that the streets and alleys had ever been vacated, or the title thereto acquired by the banking commissioner. These streets and alleys dedicated to the public use carried all the burdens incident to such dedication, and the record discloses that the appellant failed in his efforts to repurchase, at least, one of said six excepted lots which he endeavored to acquire, with the view of closing said streets and alleys. The lots had been conveyed with reference to the plat. Such being the case, the owner of any such lot had an enforceable right to have the streets and alleys left open.

That said streets and alleys constituted an incumbrance upon the appellant's title cannot be doubted. Devlin on Real Estate, vol. 2, p. 1708, § 910; Maupin on Marketable Title (3d Ed.) p. 849, § 304, et seq.

The land covered by the streets and alleys undoubtedly constituted a material and substantial part of the consideration passing to Morrison. The plaintiff rejected the title because of such incumbrance. The trial court has found that the appellant was not able to convey a merchantable title to the land. In the condition tendered it was not a merchantable title; it was not free from "fatal defects." We confirm the trial court's conclusions in this respect and are of the opinion that the plaintiff is entitled to a return of his forfeit money under the circumstances of the case, and the executory nature of the contract. Koshland et al. v. Spring et al., 116 Cal. 689, 48 P. 58; People's Savings Bank of Pittsburgh v. Alexander (Pa.) 3 A. 821; Grow et al. v. Taylor et al., 23 N. D. 469, 137 N. W. 451; Evans v. Taylor, supra.

Propositions 4, 5, and 6 are overruled.

■ Proposition 7 complains that the court erroneously decreed the $500 to be a preferential claim against the commissioner as to the assets of said defunct bank. The debt or claim constituting the subject-matter of this suit arose out of an independent transaction of the banking commissioner, whose status, in fact, is that of a statutory receiver and did not originate prior to the time said Commercial State Bank was taken in charge by the banking commissioner. It grew out of an agreement entered into by him in an effort to reduce the tract of land to liquid assets. Until he furnished a merchantable title the consideration paid and to be paid by Morrison did not, in fact, become a part of the assets of the bank. Morrison agreed to forfeit the $500 only in event he rejected the title for some other reason than a fatal defect therein rendering it unmerchantable. The appellant's rights thereto were wholly contingent upon such title being merchantable. Under the law and the contract the title stands condemned as such, and upon the trial it was admitted: "That the Banking Commissioner received the $500.00 and still has it."

Having the $500 in his possession and it being his duty to return it, the trial court's having decreed it a preferential claim as to such assets, if error, would be harmless in its nature; but we do not believe the court committed an error under the peculiar facts of this case, since the consideration paid and to be paid at no time became a part of the bank's assets, and the commissioner's detention thereof was wrongful. This proposition is overruled.

The eighth proposition, to the effect that the judgment erroneously awards execution, presents a question which, because of its lack of importance from a practical standpoint, we deem it unnecessary to determine. The judgment establishes the claim, directs the manner of its payment, and the appellant acknowledges he has the money. It was therefore unnecessary, to say the least, to direct the issuance of execution. The judgment will be reformed to eliminate this provision, but the costs will not for that reason be adjudged otherwise. Arnold v. Penn, 11 Tex. Civ. App. 325, 32 S. W. 353.

■ The ninth proposition is overruled. It complains that interest should not have been allowed in the judgment. As may be seen from the nature of this case the liability here was predicated on a contract express or implied, and not on a purely statutory liability, as was the case of Eastland County v. Chapman (Tex. Com. App.) 278 S. W. 425. By implication, at least, that opinion is authority for the recovery of interest under the facts of this case.

For the reasons assigned the judgment of the trial court is affirmed.