## USZENSKI v. McNABB.

### No. 12022.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 28, 1949.

Rehearing Denied Nov. 2, 1949.

The trial court held that the defendant was entitled to the earnest money as liquidated damages, as provided for in the contract, and rendered judgment that plaintiff take nothing. The plaintiff has appealed and the parties will be designated as in the trial court.

According to the contract, the one-half block of land involved contained 5.03 acres of land, more or less. The purchase price was $3,750, and $500 was deposited as earnest money. The contract also provided that defendant should furnish "a title policy showing a good and merchantable title to said lands and premises with all taxes paid up to January 1, 1948." Later the contract was amended by consent of both parties to provide that defendant would furnish an abstract of title showing merchantable title instead of a title policy.

It appears that the defendant was the only witness called and most of the facts were agreed upon. The stipulation shows that plaintiff's attorneys, upon examining the title, pointed out that .59 acres was covered by an easement for a three-lane public highway across the North end of said tract. The plaintiff refused to go through with the deal and brought this suit for rescission of the contract. It appears that while both parties knew of the existence of the highway, they "did not know the highway easement was actually upon the land in controversy at the time they signed the contract."

Plaintiff argues that the only conclusion "to be reached from the facts and the stipulation was that both parties supposed the highway joined the 5.03 acre tract, but was not a part of same. The parties, then, were acting under a mistake of fact, not that there was a highway but that the highway was located on the tract to be sold."

This conclusion seems to follow from the statement of the facts above set out. In other words, plaintiff had a contract which called for a merchantable title to 5.03 acres, more or less. The defendant sought to fulfill this contract by offering to convey an encumbered tract of which only 4.44 acres could be beneficially used, be-

Smith & McIlheran, Edinburg, Hall, Henrichson & Rawlins, Edinburg, for appellant.

Greenwood, Johnson & Phillips, Harlingen, for appellee.

NORVELL, Justice.

Frank T. Uszenski brought this suit against Bernice McNabb to cancel a sales contract, dated January 12, 1948, and to recover the earnest money deposited by him.

cause the remaining .59 of an acre was occupied by the highway. The plaintiff sought to acquire the property for the purpose of operating a trailer park thereon, and it appears that between one-eighth and one-ninth of the land is occupied by the easement. If the contract were carried out plaintiff would have to pay about $440 for land he could not use. This variance in acreage and money is substantial.

This is not a case involving an executed contract in which the vendee is suing for a breach of warranty contained in a deed because of a visible easement. The plaintiff here seeks to rescind an executory contract, and the suit was brought by plaintiff immediately upon discovery that the land was actually encumbered by an easement and that, as a result the defendant was not in a position to carry out the contract which called for a good and merchantable title to 5.03 acres of land, more or less.

This case, in certain respects, is similar to Shaw v. Morrison, 14 S.W.2d 953, by the Eastland Court of Civil Appeals, in which a distinction is pointed out as to executory contracts of the nature here involved. The Pennsylvania case of Evans v. Taylor, 177 Pa. 286, 35 A. 635, 69 L.R.A. 790, is cited with approval in support of the proposition that cases like this are controlled by equitable principles applicable to cases of specific performance. Each case must, to a certain extent, stand on its own bottom and we are of the opinion that, in view of the circumstances disclosed by the record, the mutual mistake of the parties and the substantial deficiency in acreage, it would be inequitable to specifically enforce the contract here involved. It follows that said contract should be rescinded and the earnest money returned to plaintiff.

It is accordingly ordered that the judgment appealed from be reversed. The contract between the parties dated January 12, 1948, is cancelled and plaintiff is awarded judgment against the defendant for the sum of $500, together with interest thereon from May 9, 1949 (the date of the judgment in the trial court), until paid, at the rate of six per cent per annum.

Reversed and rendered.

SMITH, C. J., absent.

### On Motion for Rehearing.

In her motion for rehearing, appellee contends that the fact that the sale herein involved was in gross and not by the acre, and that the phrase "more or less", used in the description, distinguishes this case from that of Shaw v. Morrison, Tex.Civ.App., 14 S.W.2d 953, which we regard as controlling upon this appeal.

The contract involved in this case was one in which the appellee undertook to deliver a good and marketable title to "5.03 acres of land, more or less, same being the west one-half of Block 12, of the Lasby Park Place Subdivision in Block 10, San Benito Land and Water Company Subdivision in Cameron County, Texas."

It is not asserted that the west one-half of Block 12 does not contain 5.03 acres of land. It is, however, contended that appellee cannot deliver a marketable title to the west one-half of said Block 12. It is undisputed that .59 of an acre is occupied by a highway easement. In Shaw v. Morrison it is stated that easements for streets and alleys constitute incumbrances upon title. Appellee then, in effect, is tendering an incumbered title and seeking to specifically enforce a contract which calls for the delivery of a marketable title. Shaw v. Morrison holds that one seeking the forfeit of earnest money as liquidated damages in a case of this kind must show that he would be entitled to specifically enforce the contract.

We do not wish to be understood as holding that any and every easement not excepted in the contract would defeat a suit for specific performance of a contract calling for a marketable title. The incumbrance must be substantial and in determining this matter deficiency in acreage may become material in determining the equities. The consideration of acreage in this connection should not be confused with the call of quantity in the description of a deed. The term "more or less" when applied to acreage cannot be construed as excepting easements and incumbrances. If

such exceptions are desired the parties should so state in their contracts.

It is undisputed that appellant wanted the land here involved for the purpose of constructing a trailer park thereon. While the tract lies outside the corporate limits of the City of San Benito, Texas, it was apparently suitable for the purpose intended or some similar semi-urban use. It was not ranch land, nor was it purchased for livestock raising or farming purposes. We conclude that the equities are against an order requiring specific performance.

The transcript contains a memorandum of the trial judge which we have carefully considered. However, we disagree with his conclusion that this case can be distinguished from Shaw v. Morrison. We are further of the opinion that the distinction therein made between an executory and an executed agreement is a sound one, and agree with the holding that cases of this kind should be controlled by the equitable principles generally applicable to suits for specific performance.

We adhere to the holdings expressed in our original opinion and the motion for rehearing is overruled.