**NEWMAN v. HASSLOCHER et ux.**

No. 12329.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1951.

Rehearing Denied Oct. 17, 1951.

House, Mercer & House, San Antonio, for appellant.

George R. Thomson, Woodville J. Rogers, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Emanuel Newman from a judgment in favor of G. Hasslocher and wife, Veva Hasslocher, in the sum of $400.

On October 30, 1950, G. Hasslocher and Veva Hasslocher entered into a written contract with Emanuel Newman for the purchase of Lot No. 12, Block No. 8, N. C. B. 9137, Bel Meade Addition to the City of San Antonio, for a total purchase price of $3,300. There was in the contract, among others, a stipulation for the lot to be conveyed by general warranty deed and for the title to be good and marketable, or to be made so forthwith at the expense of seller. There was no provision that the conveyance was to be made subject to existing restrictions. Earnest money on this contract in the sum of $400 was placed by the Hasslochers with the Stewart Title Guaranty Company.

Thereafter, Newman tendered to the Hasslochers a deed reciting that the conveyance was made subject to numerous restrictions to be found in a certain deed and in another instrument. The Hasslochers refused to accept this deed and demanded back the $400 they had placed in escrow as earnest money. The Stewart Title Company filed this interpleader suit and asserted its willingness to pay the $400 to whom the court might direct.

The $400 earnest money belonged to the Hasslochers and they were entitled to recover it, unless Newman had tendered performance of the contract, or was ready, able and willing to do so.

The tender of a deed showing that the lot was burdened with numerous restrictions was not a proper tender of performance of the contract. Under the terms of the contract the Hasslochers were entitled to have the lot conveyed to them free from all restrictions. The title is not "good and marketable" so long as the lot is burdened by restrictions such as those here involved prohibiting the owner of its free use.

In 55 Am.Jur. p. 702, § 246, it is stated:

"The obligation of the vendor in a contract for the sale of land to make a good or marketable title free and clear of encumbrances entitles the vendee to a title free from any restrictions upon the use of the land which either at law or in equity would bind the land in his hands and affect his full enjoyment thereof. In the absence of anything to the contrary in the contract, any such restriction which lessens the value of the land for general purposes is regarded as a defect in the vendor's title, giving the purchaser the right to reject the title and depriving the vendor of the right to compel the purchaser to perform. Hence, restrictions as to the use to which the premises may be put, such as restrictions upon the use of the property for anything but residential purposes, or which limit or restrict the kinds of business that may be carried on, as, for example, a restriction against the manufacture or sale of intoxicating liquor upon the premises, and restrictions as to the location, character, or kind of buildings, depth of foundations, etc., which may be erected in or upon the land, render the title unmarketable. As a general rule, a court of equity will, when the land is subject to such restrictions, decline, when the vendor seeks specific performance of the

contract, to compel the vendee to take the land subject thereto.

"The rule that a restriction upon the use of land renders the title unmarketable applies without reference to the beneficial purpose of the restriction. It is no defense to show by the opinion of experts that the value of the property is not diminished by the restrictions. But it has been held that a building restriction which operates to the mutual benefit of different owners does not render the owner's title unmarketable."

See also, Annotations, 57 A.L.R. 1416; O'Meara v. Saunders, Tex.Civ.App., 199 S.W.2d 689; Uszenski v. McNabb, Tex. Civ.App., 225 S.W.2d 210.

The evidence shows that the lot is subject to restrictions which prohibit the owner thereof from its free use. Under such circumstances Newman is not in a position to do that which he has contracted to do, that is, convey this lot to the Hasslochers by warranty deed showing "good and marketable title" and thus he cannot comply with his contract. The Hasslochers are, therefore, entitled to recover the $400 which they deposited with the Stewart Title Guaranty Company.

The judgment is affirmed.