Brooks BOWEN et al., Appellants,

v.

Alfred H. BRISCOE et ux., Appellees.

No. 17021.

Court of Civil Appeals of Texas.

Fort Worth.

May 16, 1969.

Rehearing Denied June 13, 1969.

———————◆———————

Garrett & Nation, and John B. Garrett, Fort Worth, for appellants.

Payne Roye, Graham, Gerald Weatherly, Dallas, for appellees.

OPINION

MASSEY, Chief Justice.

The suit is one by plaintiffs, Alfred H. Briscoe et ux., persons who had contracted to sell realty, against defendants, Brooks Bowen et al., who had contracted to purchase it, for enforcement of the equitable right of defendants' specific performance to purchase. In other words, plaintiffs sued to force the defendants to take plaintiffs' realty, and to deliver the consideration promised by defendants in return therefor. Judgment was rendered for the plaintiffs and the defendants appealed.

Affirmed.

An initial question to be determined is whether the existence of an easement for public highway purposes causing the size of the lot which was the subject of the parties' contract to be reduced (so that it was a 100′ X 109′ lot rather than a 100′ X 125′ lot, as referred to in the contract to purchase) entitled the defendants to prevent enforcement of the contract because of defect in "marketability of title" to the property thus described. A purchaser is not obligated to accept a conveyance of property from a vendor who does not have "marketable title". 58 Tex.Jur.2d, p. 381, "Vendor and Purchaser", Sec. 172, "(Title of Vendor), In general; Marketable title".

We are convinced, under the evidence presented on trial, that defendants may not be heard to defend against the demand of plaintiffs (that defendants make

specific performance by accepting the property agreed to be purchased) on the ground that the plaintiffs, as vendors, do not have "marketable title". The sixteen (16) foot easement for public highway purposes at the front of the property visibly and notoriously affected the physical condition of the land at and prior to the time of the contract. The defendants were charged with awareness thereof, as their familiarity with the property is reflected in the evidence. The defendants are therefore presumed to have taken into consideration the existence of such easement, as an encumbrance,—and also in connection with any loss of inconvenience which might thereby be occasioned,—and to have agreed upon the consideration they promised to pay as the value of the lot as thus encumbered.

As an encumbrance the easement was such as operated only in manner creating a servitude imposed upon the land which was visible to the eye; affecting not the title, but the physical condition of the property. Under such circumstances, even assuming the encumbrance as causative of injury it would be such an injury as was within the contemplation of the parties when they agreed upon the price, with the price regulated accordingly. Maupin on Marketable Title to Real Estate, 3rd Ed., Ch. XIII, p. 327, "Covenant Against Incumbrances", Sec. 127, "Notice of easement"; 57 A.L.R., p. 1253, Annotation: "Marketable title", Ch. VII, "Specific defects in the title", (b), "Easements", p. 1431, "Public roads and streets."

Countering our conclusions indicated hereinabove, which we have based upon argument and authorities presented by the plaintiffs, the defendants primarily rely on the case of Uszenski v. McNabb, 225 S.W. 2d 210 (San Antonio, Tex.Civ.App., 1949, error refused). In our view the decision in Uszenski turned upon the materiality of the shortage in the amount of acreage in the property contracted to be sold, in a necessary consideration of the purposes for which the contract had been agreed upon and as bearing upon the existence or not of a "meeting of the minds" by the parties thereto. We do not consider the holding of the case applicable to that before us. Neither do we consider the holdings in Shaw v. Morrison, 14 S.W.2d 953 (Eastland, Tex.Civ.App., 1929, no writ hist.) applicable to our problem. In Shaw the essence of the parties' contract was the acreage content of land sold for a price to be calculated by multiplying same by the number of acres. In relation thereto the court wrote (page 955), " * * * it is important to observe that said streets and alleys embraced approximately 17 acres of the 70 acres sought to be conveyed."

■ With the foregoing question determined against the contentions of the defendants, and by reference to the evidence as same may be considered to exist relative to circumstances which are not in dispute, we find the case is to be resolved upon purely equitable principles. The defendants made a contract with plaintiffs pursuant to which they agreed to take from the plaintiffs title to two service station locations (and did take title to one of these, for which they paid an amount which plaintiffs credited as full payment therefor); and enlisted and received the aid of plaintiffs to acquire the "Distributorship" contract with a major oil company for an area in Jacksboro and vicinity (which had formerly been a business operation of the plaintiffs, themselves), a condition upon satisfaction of which the contract depended.

The circumstances displayed a situation in which all the "equities" stood on the side of the plaintiffs; or in any event a preponderance thereof weighted the scales in their favor and against the defendants. Additionally, every delay pursuant to which the defendants claim some right or advantage, was either caused, invited, or agreed to by defendants. There was accuracy in the conclusion stated by one of the plaintiffs relative to the situation obtaining with the opposite parties (since March 1, 1967) as result of the parties' contract, viz: that defendant(s) had all the compensation and

all the commissions, while all the plaintiff(s) had was conversation.

Obviously, therefore, plaintiffs were entitled to their equitable remedy of specific performance by way of an appropriate judgment which would do or command the doing of that which the parties should have done for themselves without compulsion. There were no jury issues operative to control the judgment. Submission of the case to the jury was not requisite. The trial court correctly disregarded the jury's answers to the issues in the charge, which had been submitted in an abundance of precaution—and to have for reference in the event the court might eventually deem them consequential.

All points of error are overruled, and the judgment is affirmed.