Brooks BOWEN et al., Petitioners,

v.

Alfred H. BRISCOE et ux., Respondents.

No. B–1666.

Supreme Court of Texas.

Jan. 7, 1970.

Rehearing Denied Feb. 4, 1970.

Garrett & Nation, John B. Garrett, Fort Worth, for petitioners.

Gerald Weatherly, Dallas, for respondents.

HAMILTON, Justice.

Plaintiffs-respondents, Alfred Briscoe et ux., brought this suit for specific performance of a contract wherein plaintiffs agreed to sell and defendants agreed to purchase real property. Defendants-petitioners, Brooks Bowen et al., answered that plaintiffs could not perform their obligation under the contract because part of the property described in the contract was encumbered by a highway easement. The trial court awarded judgment to plaintiffs, notwithstanding the jury verdict. The court of civil appeals affirmed the trial court's judgment for specific performance. 442 S.W.2d 411. We reverse the judgment of the court of civil appeals and render judgment for defendants.

Prior to 1967 plaintiff Briscoe had been a distributor of Sinclair petroleum products in Jacksboro, Texas. On January 18, 1967, plaintiffs and defendants entered into a written contract which provided that defendants were to purchase two tracts of land (each occupied by a service station) from plaintiffs for a total purchase price of $38,500.00. The contract provided that plaintiffs were to furnish to defendants a good and marketable title and that the conveyance was to be free and clear of any and all encumbrances except those named in the contract. The contract did not name the highway easement encumbrance complained of in this lawsuit. The contract was conditioned on Sinclair Refining Company's approval of defendant Bowen as a distributor to replace plaintiff Briscoe. Sinclair approved defendant Bowen; defendants then paid $6,000 to plaintiffs and received title to one of the tracts of land described in the contract. The other tract is the subject of this lawsuit.

The parties agree that the contract described the tract of land in question as being a lot 100 feet in width and 125 feet in depth. The parties agree that at the time the contract was executed there existed upon the lot a highway easement 100 x 16 feet, leaving an unencumbered lot measuring 100 x 109 feet. The parties also agree that at the time the contract was executed, the easement area was not occupied by the highway, but rather, was occupied by the concrete driveway providing access into the service station, such driveway being used in the operation of the service station situated upon the lot in question. The easement instrument states the following purposes for which the easement area may be used:

"For the purpose of opening, constructing and maintaining a permanent

Highway in, along, upon and across said premises, with the right and privilege at all times of the grantee herein, his or its agents, employees, workmen and representatives having ingress, egress, and regress, in, along, upon and across said premises for the purpose of making additions to, improvements on and repairs to the said highway, or any part thereof.

"It is specifically understood that the State and its assigns shall be vested with the title to and the right to take and use, without additional compensation, any stone, earth, gravel, caliche or any other materials or minerals upon, in and under said land, except oil, gas and sulphur, for the construction and maintenance of the Highway System of Texas."

There is no evidence that at the time defendants signed the sales contract they had any knowledge of the existence of the easement.

Defendants argue that they contracted to purchase marketable title to a lot 100 x 125 feet and that because of the 1,600-square foot easement plaintiffs can only convey marketable title to a lot measuring 100 x 109 feet. Therefore, defendants argue that they should not be made to specifically perform their obligation under the contract because the 1,600-square foot easement causes a substantial variance in the area of land described in the contract.

Plaintiffs first argue that even if a sales contract contains a covenant that the conveyance will be free and clear of any encumbrance, such covenant does not mean that the conveyance will be free and clear of physically open, obvious and notorious easements. Plaintiffs cite Annotation, 57 A.L.R. 1253. Plaintiffs contend, and the court of civil appeals concluded, that the easement in question was physically visible and notorious at the time defendants executed the sales contract. However, neither plaintiffs nor the court of civil appeals

directs attention to any evidence in the record to support their conclusion.

■ We have examined the record and have found no evidence that would indicate that the easement was physically visible and notorious at the time defendants executed the sales contract. It is undisputed that at the time the contract was executed the easement area was occupied by a driveway which was being used in the operation of the service station. Therefore, we conclude that the 1,600-square foot highway easement was not such as would escape the covenant to convey free and clear of any and all encumbrances. "* * * [I]t seems that where a contract for the sale of land contains a covenant to convey free from encumbrances, the vendor does not comply with his contract by tendering a conveyance encumbered by a *possible* public street." [Emphasis added.] Annotation, 57 A.L.R. 1432.

■ Secondly, plaintiffs argue that even if the highway were widened to occupy the entire 1,600-square foot easement, there would remain an area sufficient to continue the normal operation of the service station, thereby presenting no interference with defendants' intended use of the lot as a service station. We realize that an insignificant breach of the covenant to convey free from encumbrances does not necessarily preclude a vendor from the remedy of specific performance and that under circumstances involving an insignificant breach the purchaser's "intended use" may be material or even determinative. However, where the encumbered area represents a *substantial* shortage in the area described in the contract, the "intended use" is not material.

■ Plaintiffs contracted to convey marketable title to 12,500 square feet; yet plaintiffs cannot convey marketable title to 1,600 square feet which is approximately ⅛ or 13% of the total 12,500 square feet described in the contract. We hold as a matter of law such a variance in area

is substantial and precludes plaintiffs' request for the equitable relief of specific performance. In Uszenski v. McNabb, 225 S.W.2d 210 (Tex.Civ.App.1949, writ refused), the court allowed the purchaser to recover his earnest money. Although the court gave some recognition to the purchaser's "intended use" for the property, the court also held that a ⅛ to ⅙ shortage in acreage was substantial.

The judgments of the court of civil appeals and trial court are reversed, and judgment is rendered that plaintiffs-respondents take nothing.