COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-223-CV

 

 

GUY LAVIGNE                                                                    APPELLANT

 

                                                   V.

 

ALVIS W. HOLDER AND                                                        APPELLEES

MICHAEL
W. BROOME

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                            Introduction

The question in this case of
first impression is whether the granting of an easement by a mortgagor
triggered the acceleration clause of a promissory note and deed of trust.  The trial court determined that it did and
granted summary judgment in favor of Appellees. 
We hold that it did not and reverse the judgment of the trial court,
render judgment for Appellant, and remand for further proceedings in the trial
court.








                                Factual and Procedural History

The basic facts of the case
are not in dispute.  In 1996, Appellee,
Alvis W. Holder, conveyed a lot in Haltom City to Appellant, Guy Lavigne, by
general warranty deed in exchange for a down payment, a note, and a deed of
trust.  The note and the deed of trust
both contain the following acceleration clause:

Assumption
Limitation/Acceleration: 
[The] note was made and accepted based on the integrity of maker and
therefore may not be assumed by any person or institution without payee=s
consent which consent will not be unreasonably withheld.  Provided further by payee that if all or any
part of the property or interest therein is sold or transferred by maker
without payee=s
prior written consent, excluding (a) the creation of a lien or encumbrance
subordinate to this Deed of Trust, . . . THEN in any such event payee may, at
Payee=s
option, declare all sums secured by the Deed of Trust to be immediately due and
payable. 

 

In 2004, Lavigne granted a
thirty-foot-wide drainage easement across the back of the lot to a third party.[1]  When Holder learned about the easement, he
invoked the acceleration clause and demanded full payment on the balance of the
note.  Lavigne did not pay the full
balance within the time specified by the demand. Holder directed the trustee
under the deed of trust, Appellee Michael Broome, to foreclose on the property.[2]









Lavigne sued Holder to enjoin
the foreclosure sale, seeking both a temporary and a permanent injunction.[3]  Both parties moved for summary judgment on
the issue underlying Lavigne=s request for injunctive relief, namely, whether the easement
triggered the acceleration clause.  The
trial court granted Holder=s motion, denied Lavigne=s, and denied Lavigne=s request for a temporary injunction. 

Lavigne filed both this
interlocutory appeal and an original application for writ of injunction in this
court.  See Tex. R. App. P. 28.1.  We denied the application for writ of
injunction, but we ordered Holder and Broome to refrain from foreclosing on the
property during the pendency of this appeal to protect our jurisdiction.  See Tex.
R. App. P. 29.3.








The procedural posture of
this case is unusual because the trial court granted summary judgment in favor
of Holder on the merits of the underlying issue, rather than simply denying
Lavigne=s application for a temporary injunction.  Yet the summary judgment was interlocutory
because it did not address Lavigne=s breach of warranty claim or request for a permanent injunction.  Accordingly, on our own motion, we abated
this appeal and remanded the case so that the parties could take steps to
finalize the partial summary judgment. 
On January 3, 2006, the trial court signed an order severing the summary
judgment from the rest of the case.  The
summary judgment is now ripe for appellate review.  

                                       Standard of Review

Ordinarily, whether to grant
or deny a temporary injunction is within the trial court=s sound discretion.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  But this case is not an ordinary appeal from
the grant or denial of a temporary injunction; rather, it is an appeal from a
summary judgment on the merits of the claim underlying Lavigne=s request for a temporary injunction. 
Therefore, we will apply the standard of review applicable to summary
judgments.








In a traditional summary
judgment case such as this one, the issue on appeal is whether the movant met
the summary judgment burden by establishing that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(a), (c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002).   We review the
trial court=s summary
judgment de novo.  Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Where, as here, the issues raised are based
on undisputed facts, the reviewing court may determine the questions presented
as a matter of law.  McCreight v. City
of Cleburne, 940 S.W.2d 285, 288 (Tex. App.CWaco 1997, writ denied).  When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should render the judgment that the
trial court should have rendered.  FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

                                             Discussion

1.     Did the easement trigger
the acceleration clause?

In his first issue, Lavigne
argues that the trial court erred by granting Holder=s motion for summary judgment. 
Lavigne contends that an easement is an encumbrance subordinate to the
deed of trust and thus falls within exclusion (a) of the acceleration
clause.  We agree.

To paraphrase the relevant
part of the acceleration clause, Holder may accelerate the note if Lavigne
transfers an interest in the property without Holder=s prior written consent unless the transfer creates an encumbrance
subordinate to the deed of trust.  It is
undisputed that Lavigne transferred the easement to a third party without
Holder=s prior written consent.  Thus,
we must answer three questions to resolve this issue: (1) Is the easement an Ainterest@ in the
underlying property, (2) is the easement an Aencumbrance,@ and (3) is
the easement subordinate to the deed of trust? 
The answer to all three questions is Ayes.@








First, as the parties
concede, an easement is an interest in land. 
Bennett v. Tarrant County Water Control and Imp. Dist. No. One,
894 S.W.2d 441, 447 (Tex. App.CFort Worth 1995, writ denied).

Second, Texas courts have
long held that the term Aencumbrance@ includes easements.  See,
e.g., City of Dayton v. Allred, 123 Tex. 60, 68 S.W.2d 172, 178
(Tex. 1934); Smith v. McMillan, 352 S.W.2d 871, 877 (Tex. Civ. App.C Houston 1962), aff=d, 363 S.W.2d 437 (Tex. 1962); Uszenski
v. McNabb, 225 S.W.2d 210, 212 (Tex. Civ. App.CSan Antonio 1949, writ ref=d) (op. on reh=g); Shaw
v. Morrison, 14 S.W.2d 953, 955 (Tex. Civ. App.CEastland 1929, no writ).

Holder argues that the
parties did not intend the word Aencumbrance@ to include
easements.  AThe language in an agreement is to be given its plain grammatical
meaning unless to do so would defeat the parties= intent.@  DeWitt County Elec. Co‑op., Inc. v.
Parks, 1 S.W.3d 96, 101 (Tex. 1999). 
Nothing on the face of the acceleration clause suggests that the parties
intended to restrict the meaning of Aencumbrance.@  Nor is there any evidence in the summary
judgment record reflecting such an intent. 
We must, therefore, give the word Aencumbrance@ its plain
grammatical meaning, and that plain grammatical meaning includes easements.








Third, an easement is
subordinate to a prior deed of trust.  AWhen the owner of real estate executes a valid deed of trust, and then
conveys an interest in the mortgaged property to a third party, the rights of
the mortgagor=s vendee are
subject to the rights held by the beneficiary of the deed of trust.@  Motel Enters., Inc. v.
Nobani, 784 S.W.2d 545, 547 (Tex. App.CHouston [1st Dist.] 1990, no writ) (holding foreclosure of prior deed
of trust extinguished subsequent easement); see also Cousins v. Sperry,
139 S.W.2d 665, 667 (Tex. Civ. App.CBeaumont 1940, no writ) (holding that buyer who purchased property at
foreclosure sale took title free from easement granted after deed of trust).

We hold that the easement
granted by Lavigne was an encumbrance subordinate to the deed of trust and
therefore fell within exclusion (a) of the acceleration clause.  Thus, as a matter of law, the easement did
not trigger the acceleration clause and did not give Holder the right to
accelerate the note and foreclose on the property, and the trial court erred by
granting Holder=s motion for
summary judgment.  For the same reasons,
the trial court erred by denying Lavigne=s motion for summary judgment with regard to the acceleration clause
issue.  We therefore sustain Lavigne=s first issue and his second issue in part.  We consider the rest of Lavigne=s second issueCwhether he
is entitled to injunctive reliefCin the next part of this opinion.








2.     Is Lavigne entitled to an
injunction?

Once again, the unusual
procedural posture of this case complicates our review of the issue presented.  In his original petition in the trial court,
Lavigne sought both a temporary injunction and a permanent injunction.  But in his motion for summary judgment,
Lavigne requested only a temporary injunction: 
ALavigne prays that the Court . . . grant Lavigne=s Cross-Motion for Summary Judgment and issue a Temporary Injunction .
. . pending a hearing on a permanent injunction . . . .@  Therefore, even though our
review of the dueling motions for summary judgment is dispositive of the
underlying dispute, the question of whether Lavigne is entitled to a permanent
injunction is not before this court.  We
will, therefore, determine only whether the trial court erred by failing to
issue a temporary injunction as requested by Lavigne in his motion for summary
judgment.








An applicant for a temporary
injunction must plead and prove three specific elements: (1) a cause of action
against the defendant; (2) a probable right to the relief sought; and (3)
probable injury in the interim.  Butnaru, 84 S.W.3d at 204; Sun Oil Co.
v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968).  When the only relief sought on final trial is
injunctive, the applicant must show a probable right on final hearing to a
permanent injunction.  Sun Oil Co. 424
S.W.2d at 218.  A probable injury is one
that is imminent, irreparable, and has no adequate remedy at law.  Harbor Perfusion, Inc. v. Floyd, 45
S.W.3d 713, 716 (Tex. App.C Corpus Christi 2001, no pet.); Tenet Health Ltd. v. Zamora, 13
S.W.3d 464, 468 (Tex. App.CCorpus Christi 2000, pet. dism=d w.o.j.).  Disruption to a
business can be irreparable harm.  Liberty
Mut. Ins. Co. v. Mustang Tractor & Equip. Co., 812 S.W.2d 663, 666
(Tex. App.CHouston
[14th Dist.] 1991, no writ).  Moreover,
every piece of real estate is unique, and foreclosure can be an irreparable
injury for which there is no adequate remedy at law.  El Paso Dev. Co. v. Berryman, 729 S.W.2d
883, 888 (Tex. App.CCorpus
Christi1987, no writ).








In this case, the summary
judgment evidence satisfies each element of the temporary injunction test.  First, Lavigne=s original petition stated a claim for a permanent injunction.  Second, we have already determined that the
easement did not trigger the acceleration clause; thus, Lavigne has shown a
probable right on final hearing to a permanent injunction.  Third, Lavigne has established an imminent
threat of irreparable injury.  The threat
is imminent because Holder has actually posted the property for foreclosure on
at least two different dates.  Lavigne
filed an affidavit with the trial court averring that he earns his livelihood
by operating an auto body shop on the property and has done so since 1983.  Holder proffered no summary judgment evidence
to controvert Lavigne=s
affidavit.  Thus, foreclosure would cause
irreparable injury to Lavigne for which there is no adequate remedy at law
because it would disrupt his business and because the property, like all real
estate, is unique.

Finally, Holder argues that
Lavigne=s right to injunctive relief is moot because his request for such
relief was denied by the trial court in the underlying proceeding and again by
this court in connection with Lavigne=s original proceeding.  Holder
cites no authority to support this argument, and we find none ourselves.  We decline his invitation to hold that our
denial of Lavigne=s
original-proceeding application for writ of injunction in this court precludes
our review of the trial court=s summary judgment.

We hold that Lavigne proved
his right to injunctive relief as a matter of law and sustain that part of his
second issue that concerns injunctive relief. 
Because his motion for summary judgment requested only a temporary
injunction pending a hearing on his request for a permanent injunction, we
remand the case to the trial court with instructions to enter a temporary
injunction and to conduct a hearing on Lavigne=s request for a permanent injunction in light of our resolution of the
underlying motions for summary judgment.

3.     Lavigne=s attorney=s fees








Lavigne asserted a claim for
attorney=s fees in his petition and motion for summary judgment in connection
with this request for injunctive relief. 
Because the trial court granted Holder=s motion for summary judgment and denied Lavigne=s motion, it did not consider Lavigne=s request for attorney=s fees.  We therefore remand the
issue of Lavigne=s attorney=s fees to the trial court for further proceedings.

                                             Conclusion

Having sustained Lavigne=s two issues, we reverse the judgment of the trial court and render
judgment in Lavigne=s
favor.  See Tex. R. App. P. 43.2(c).  We remand the case to the trial court with
instructions to enter a temporary injunction enjoining Holder and Broome from
foreclosing on the subject property on the basis of the easement granted by
Lavigne, to conduct a hearing on Lavigne=s request for a permanent injunction, and to consider Lavigne=s request for attorney=s fees.  See Tex. R. App. P. 43.2(d), 43.3(a).  The stay imposed by our June 25, 2005 order
will dissolve without further action of this court when the trial court enters
a temporary injunction consistent with this opinion.  We deny Holder and Broome=s AMotion for
Supersedeas Bond, Order for Payment of Arrearages or Other Equitable Relief,
Including Foreclosure for Failure to Make Payments.@ 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  February 9, 2006











[1]The
third party is the new owner of the property adjoining the lot to the north. 





[2]For
the sake of simplicity, we will refer to Appellees collectively as AHolder.@





[3]Lavigne
also alleged a cause of action for breach of warranty, but that claim is not
relevant to this appeal.